UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS MORTGAGE COMPANY, GS MORTGAGE SECURITIES CORP., GOLDMAN, SACHS & CO., INC., MCGRAW-HILL COMPANIES, INC., MOODY'S INVESTORS SERVICE, INC., FITCH INC., DANIEL L. SPARKS, MARK WEISS, JONATHAN S. SOBEL, GSAA HOME EQUITY TRUST 2006-2, GSAA HOME EQUITY TRUST 2006-3, and GSAMP TRUST 2006-S2.<br><br>       Defendants. | Civil Action No. 09-CV-1110-HB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL** |

The Public Employees' Retirement System of Mississippi ("MissPERS") respectfully submits this memorandum in support of its motion (1) to be appointed as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and (2) for approval of its selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Pond, Gadow & Tyler, P.A. ("Pond Gadow") as Co-Lead Counsel for the class.

I.  PRELIMINARY STATEMENT

On February 6, 2009, MissPERS filed the above-captioned class action in the United States District Court for the Southern District of New York asserting claims under the Securities Act on behalf of persons or entities who acquired the Mortgage Pass-Through Certificates of GS Mortgage Securities Corp. ("GS Mortgage") pursuant and/or traceable to a false and misleading Registration Statement and Prospectus Supplements issued during 2005 and 2006. *See* Class Action Complaint, *Public Employees' Retirement System Of Mississippi v. Goldman Sachs Group, Inc.*, No. 09-cv-1110 (the "*MissPERS* Action") [Dkt. 1]. Specifically, the *MissPERS* Action alleges violations of §§ 11, 12(a)(2), and 15 of the Securities Act on behalf of purchasers of Mortgage Pass-Through Certificates pursuant and/or traceable to GS Mortgage's August 17, 2005, Registration Statement.[1]

In addition, counsel for MissPERS issued a press release on February 6, 2009, alerting investors to the action and notifying them of the opportunity to move within 60 days for appointment as the lead plaintiff.[2] The PSLRA requires counsel who file the first complaint to issue notice to investors within twenty days of the date the complaint is filed, advising class members of the pendency of the lawsuit, the nature of the allegations, and their right to seek

---

[1] The class in the *MissPERS* Action includes purchasers of the following certificates: GSAMP Trust 2006-S2, Series 2006-S2; GSAA Home Equity Trust 2006-3, Series 2006-3; and GSAA Home Equity Trust 2006-2, Series 2006-2.

[2] A copy of MissPERS' notice is attached as Exhibit ("Ex.") B to the Declaration of Timothy A. DeLange ("DeLange Decl.").

1

appointment as lead plaintiff within sixty days of the publication of the notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). The 60-day period for lead plaintiff motions in the *MissPERS* Action expires on April 7, 2009.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). For the reasons set forth below, MissPERS believes that it is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff. MissPERS believes that it has the largest financial interest in the relief sought by virtue of, among other things, the purchase of 60,000 Goldman Sachs certificates.[3] MissPERS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of other members of the Class. MissPERS is, moreover, a sophisticated institutional investor, experienced in conducting and supervising counsel in complex securities litigation, and is therefore a paradigmatic Lead Plaintiff under the PSLRA.

II.     FACTUAL BACKGROUND

GS Mortgage is a Delaware corporation formed for the purpose of acquiring and securitizing mortgage loan assets. GS Mortgage is a wholly-owned subsidiary of Goldman Sachs Mortgage Company and is an affiliate, through common parent ownership, of Goldman Sachs & Co., Inc. ("Goldman Sachs"). GS Mortgage established and structured the various issuing trusts to issue billions of dollars worth of certificates.

On August 17, 2005, GS Mortgage filed with the Securities and Exchange Commission ("SEC") on Form S-3 a Registration Statement, as subsequently amended on March 29, 2006

---

[3] A copy of the certification of MissPERS is attached as Exhibit A to the DeLange Decl. As required by the PSLRA, this certification sets forth the transactions of MissPERS in GS Mortgage certificates.

(the "2005 Registration Statement"), with which GS Mortgage indicated its intention to sell more than 40 billion mortgage pass-through certificates through a yet-to-be-determined number of issuing trusts. The certificates would be issued pursuant to the Registration Statement and accompanying prospectus, also filed with the SEC (the "Prospectus"), generally explaining the structure of the issuing trusts and providing an overview of the certificates. The certificates were ultimately sold to investors pursuant to a series of prospectus supplements, which were also filed with the SEC and incorporated by reference into the Registration Statement ("Prospectus Supplements").

The certificates in each issuing trust were supported by pools of mortgage loans, entitling investors to receive monthly distributions of interest and principal on cash flows from such mortgages. As the original borrowers on each of the loans pay their mortgages, distributions are made to investors in accordance with the terms of the certificates. If borrowers fail to pay back their mortgages, default, or are foreclosed, the losses flow to investors based on the seniority of their certificates.

The 2005 Registration Statement and Prospectuses included several representations regarding: (i) the underwriting standards used by the loan originators; (ii) the standards and guidelines used by GS Mortgage when evaluating and acquiring the loans; (iii) the appraisal standards used to value the properties collateralizing the loans, and the corresponding loan-to-value ratios of the loans; (iv) the credit enhancement supporting the loan securitization process; and (v) the pre-established ratings assigned to each tranche of Certificates. The 2005 Registration Statement and Prospectuses, however, failed to disclose, *inter alia*, that the loan originators had systematically ignored or abandoned their stated and pre-established underwriting and appraisal standards and that GS Mortgage ignored its loan purchasing guidelines. Likewise, the underlying mortgages were based on collateral appraisals that overstated the value of the underlying properties.

III.  ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice.  *See* 15 U.S.C. § 77z-1(a)(3)(A).  MissPERS satisfies the PSLRA deadline by making this motion.

A.  MissPERS Should Be Appointed Lead Plaintiff

MissPERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B); *see also Burch v. SLM Corp.*, No. 08-CV-1029 (WHP), 2008 U.S. Dist. LEXIS 55423, at *9 (S.D.N.Y. July 23, 2008); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005).

1.  MissPERS Has The Largest Financial Interest In The Relief Sought By The Purchasers Of GS Mortgage Certificates

MissPERS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought.  15 U.S.C. § 77z-1(a)(3)(B)(iii).  Here, MissPERS acquired 60,000 GS Mortgage certificates pursuant and traceable to the August 17, 2005, false and misleading Registration Statement and Prospectus Supplements.  To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest arising from the purchase of GS Mortgage certificates.  Accordingly, MissPERS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

2.  MissPERS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, MissPERS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

On a motion to serve as Lead Plaintiff, the movant must only "make a preliminary showing that it satisfies the typicality and adequacy requirements of F.R.C.P. 23." *Burch*, 2008 U.S. Dist. LEXIS 55423, at *10 (*quoting eSpeed*, 232 F.R.D. at 102); *see also Glauser*, 236 F.R.D. at 188; *Fishbury, Ltd. v. Connetics Corp.*, No. 06-11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *6-7. Here, MissPERS unquestionably satisfies both requirements.

MissPERS' claims are typical of the claims of other members of the Class. "The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Burch*, 2008 U.S. Dist. LEXIS 55423, at *10; *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) ("Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). MissPERS' claims in this action arise from the very same course of conduct as the claims of other members of the Class—*i.e.*, the purchase of certificates that were secured by assets that had a much greater risk profile than represented in the Registration Statement and Prospectuses.

MissPERS likewise satisfies the adequacy requirement of Rule 23. "In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Burch*, 2008 U.S. Dist. LEXIS 55423, at *10; *see also Initial Pub. Offering.*, 214 F.R.D. at 121 (finding the adequacy requirement satisfied where "the class members' interests are not antagonistic to one another;" "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation."). MissPERS easily satisfies the elements of the adequacy requirement.

MissPERS' interests are perfectly aligned with those of the other purchasers of GS Mortgage certificates and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between MissPERS and other purchasers of GS Mortgage certificates. MissPERS filed a complaint and

5

submitted a certification affirming its understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action.  Through its certification, MissPERS accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

Further, MissPERS is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA − a sophisticated institutional investor with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class"); *Glauser*, 236 F.R.D. at 188.

Finally, MissPERS has demonstrated its adequacy through its selection of Bernstein Litowitz and Pond Gadow as co-counsel to represent the class.  As discussed more fully below, Bernstein Litowitz and Pond Gadow are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

      B.      <u>The Court Should Approve MissPERS' Selection Of Lead Counsel</u>

The Court should approve MissPERS' choice of the law firms of Bernstein Litowitz and Pond Gadow to serve as Co-Lead Counsel.  Pursuant to Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the class, subject to Court approval.  MissPERS has selected and retained the law firms of Bernstein Litowitz and Pond Gadow.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country.  *See, e.g.*, Bernstein Litowitz's Firm Biography, attached as Exhibit C to the DeLange Decl.  Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion − one of the largest recoveries in securities class action history − were obtained for the class.  Other examples in which courts have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks Corp. Securities Litigation*, No. 05-MD-1659 (LAP) (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation*, No. 05-CV-8626 (GEL) (S.D.N.Y.).  Furthermore, Pond Gadow has experience in class action, mass tort, and other complex litigation.  Pond Gadow also has substantial experience in subprime and predatory mortgage litigation and related derivative securities litigation.  Accordingly, the Court should approve MissPERS' selection of Bernstein Litowitz and Pond Gadow as Co-Lead Counsel for the class.

IV.   CONCLUSION

As detailed above, MissPERS is the "most adequate plaintiff."  MissPERS has the "largest financial interest" arising out of the purchase of GS Mortgage certificates by virtue of, among other things, the purchase of 60,000 GS Mortgage certificates.  MissPERS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other purchasers of GS Mortgage certificates.  Accordingly, MissPERS respectfully requests that the Court: (1) appoint MissPERS as Lead Plaintiff; and (2) approve its selection of Bernstein Litowitz and Pond Gadow to serve as Co-Lead Counsel.

Dated: April 7, 2009                              BERNSTEIN LITOWITZ BERGER
                                                           & GROSSMANN LLP


                                                            */s/ Timothy A. DeLange*
                                                           TIMOTHY A. DeLANGE

DAVID R. STICKNEY *(admitted pro hac vice)*
TIMOTHY A. DeLANGE *(admitted pro hac vice)*
DAVID A. THORPE *(admitted pro hac vice)*
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
timothyd@blbglaw.com
davidt@blbglaw.com
         -and-
GERALD H. SILK
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444
jerry@blbglaw.com


POND, GADOW & TYLER, P.A.
JOHN GADOW
BLAKE TYLER
502 South President Street
Jackson, MS 39201
johngadow@pgtlaw.com
btyler@pgtlaw.com

*Counsel for Plaintiff Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

8