**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No.  09-cv-1110-HB |
| v. | : : | |
| THE GOLDMAN SACHS GROUP, INC., *et al.*, | : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER OF DEFENDANTS THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS MORTGAGE COMPANY, GS MORTGAGE SECURITIES CORP., GOLDMAN, SACHS & CO., DANIEL L. SPARKS, MARK WEISS AND JONATHAN S. SOBEL

Defendants The Goldman Sachs Group, Inc. ("GS Group"), Goldman, Sachs & Co. ("Goldman Sachs"), Goldman Sachs Mortgage Company ("GSMC"), GS Mortgage Securities Corp. ("GS Mortgage"), Daniel L. Sparks, Mark Weiss and Jonathan S. Sobel (collectively, "Defendants"), through their undersigned counsel, for their Answer to the Second Amended Complaint ("SAC"), dated September 18, 2009, filed in the above-captioned action ("Action") by plaintiff Public Employees' Retirement System of Mississippi ("Plaintiff"), state as follows with respect to the specific allegations in the SAC:  (i) aver generally that, by an opinion dated January 12, 2011 ("Opinion"), the Court dismissed Plaintiff's claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Sections 11, 12(a)(2) and 15") with respect to the GSAA Home Equity Trust 2006-2 and GSAA Home Equity Trust 2006-3 securitizations—and, accordingly, no response is required to Plaintiff's claims with respect to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations; (ii) further aver generally that in the Opinion, the Court dismissed all claims against defendants

McGraw-Hill Companies, Inc., Moody's Investors Service, Inc. and Fitch, Inc. (collectively, "Rating Agency Defendants")—and accordingly, no response is required to Plaintiff's claims against the Rating Agency Defendants; (iii) deny the allegations in the SAC to the extent that they assert or suggest that the offering documents for the Mortgage Pass-Through Certificates issued by the GSAMP Trust 2006-S2 ("GSAMP Trust 2006-S2 Certificates") are false or misleading, and respectfully refer the Court to the Offering Documents (as defined in paragraph 1, below) for a complete and accurate statement of their terms; and (iv) deny any averments in the Table of Contents, headings and subheadings of the SAC.  In further response to the SAC, Defendants state as follows:

1.      Defendants deny the allegations in paragraph 1, except admit and aver that Plaintiff purports to bring a securities class action and that a prospectus supplement filed with the Securities and Exchange Commission ("SEC") on March 30, 2006 ("Prospectus Supplement") accompanied a November 5, 2004 registration statement ("Registration Statement") pursuant to which certificates in the GSAMP Trust 2006-S2 securitization were offered.   Defendants respectfully refer the Court to the Prospectus Supplement, all supplements thereto, and the Registration Statement for the GSAMP Trust 2006-S2 securitization (collectively, "Offering Documents") for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 1 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

2.      Paragraph 2 purports to state legal conclusions as to which no further response is required.

3.      Defendants deny that the allegations in paragraph 3 present a fair and complete description of the matters described therein, except admit and aver that GSMC, as "Sponsor," purchased the mortgage loans that provided collateral for the GSAMP Trust 2006-S2 Certificates, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 3 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

4.      Defendants deny the allegations in paragraph 4, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters and to publicly available ratings for the GSAMP Trust 2006-S2 Certificates for a complete and accurate statement of those ratings.  Defendants further aver that, to the extent that paragraph 4 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

5.      Defendants deny the allegations in paragraph 5.  Defendants further aver that, to the extent that paragraph 5 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

6.      Defendants deny the allegations in paragraph 6.  Defendants further aver that, to the extent that paragraph 6 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

7.    Defendants deny the allegations in paragraph 7, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters and to publicly available ratings for the GSAMP Trust 2006-S2 Certificates for a complete and accurate statement of those ratings.  Defendants further aver that, to the extent that paragraph 7 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

8.    Defendants deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, except aver that paragraph 8 purports to state legal conclusions as to which no further response is required.

9.    Defendants deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, except aver that paragraph 9 purports to state legal conclusions as to which no further response is required.

10.    Defendants deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, except aver that paragraph 10 purports to state legal conclusions as to which no further response is required.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, except admit and aver that, on April 7, 2009, Plaintiff filed a certification and, on May 6, 2009, the Court appointed Plaintiff as lead plaintiff for the putative class.  Defendants further aver that, to the extent that paragraph 11 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further

response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

12.    Defendants deny the allegations in paragraph 12, except admit and aver that GS Group is a Delaware corporation and that its principal place of business is 200 West Street, New York, New York 10282 and GS Mortgage is a subsidiary of GS Group. Defendants respectfully refer the Court to GS Group's website for a description of GS Group's business. Defendants further aver that, to the extent that paragraph 12 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

13.    Defendants deny the allegations in paragraph 13, except admit and aver that GSMC is a New York limited partnership, GSMC's principal place of business is 200 West Street, New York, New York 10282, GSMC's general partner is Goldman Sachs Real Estate Funding Corp, an affiliate of Goldman Sachs, GSMC's limited partner at the time of the filing of the Offering Documents was GS Group, and GSMC served as "Sponsor" of the offering of the GSAMP Trust 2006-S2 Certificates following GSMC's purchase from third parties of loans underlying the GSAMP Trust 2006-S2 Certificates. Defendants respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates. Defendants further aver that, to the extent that paragraph 13 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

14.    Defendants deny the allegations in paragraph 14, except admit and aver that GS Mortgage is a Delaware corporation and a subsidiary of GS Group, GS Mortgage's principal

place of business is 200 West Street, New York, New York 10282, and GS Mortgage securitized the loans underlying the GSAMP Trust 2006-S2 Certificates and served as "Depositor" of the offering of the GSAMP Trust 2006-S2 Certificates, and aver that, to the extent that paragraph 14 purports to state legal conclusions, no further response is required.  Defendants further aver that, to the extent that paragraph 14 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

15.    Defendants deny the allegations in paragraph 15, except admit and aver that Goldman Sachs is a New York limited partnership, its principal place of business is 200 West Street, New York, New York 10282, it is an affiliate of GSMC and GS Mortgage, and it was an underwriter in the sale of the GSAMP Trust 2006-S2 Certificates.  Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms and to GS Group's website for a description of Goldman Sachs' business, and aver that, to the extent that paragraph 15 purports to state legal conclusions, no further response is required.  Defendants further aver that, to the extent that paragraph 15 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

16.    Defendants deny the allegations in paragraph 16, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 regarding defendant McGraw-Hill Companies, Inc., and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms and related matters.  Defendants further aver that, to the extent that paragraph 16 relates to the Rating Agency Defendants, no

further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

17.     Defendants deny the allegations in paragraph 17, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 regarding defendant Moody's Investor Service, Inc., and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms and related matters.  Defendants further aver that, to the extent that paragraph 17 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

18.     Defendants deny the allegations in paragraph 18, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 regarding defendant Fitch, Inc., and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms and related matters.  Defendants further aver that, to the extent that paragraph 18 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

19.     Defendants deny that the allegations in paragraph 19 constitute allegations to which any response is required.

20.     Defendants deny the allegations in paragraph 20, except admit and aver that Mr. Sparks was the chief executive officer and a director of GS Mortgage and a Managing Director of Goldman Sachs when he signed the Registration Statement.

21.     Defendants deny the allegations in paragraph 21, except admit and aver that Mr. Weiss was a vice president of GS Mortgage and a Managing Director of Goldman Sachs in November 2004.

22.    Defendants deny the allegations in paragraph 22, except admit and aver that Mr. Sobel was a director of GS Mortgage and a Managing Director of Goldman Sachs when he signed the Registration Statement.

23.    Defendants deny that the allegations in paragraph 23 constitute allegations to which any response is required.

24.    Defendants deny that the allegations in paragraph 24 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 24 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

25.    Defendants deny that the allegations in paragraph 25 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 25 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

26.    Defendants deny that the allegations in paragraph 26 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 26 relates to the

GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

27.     Defendants deny the allegations in paragraph 27, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.   Defendants further aver that, to the extent that paragraph 27 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

28.     Defendants deny that the allegations in paragraph 28 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters, and aver that, to the extent that paragraph 28 purports to state legal conclusions, no further response is required.   Defendants further aver that, to the extent that paragraph 28 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

29.     Defendants deny that the allegations in paragraph 29 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters, and admit and aver that Goldman Sachs served as an underwriter for the GSAMP Trust 2006-S2 Certificates, a Prospectus Supplement for the GSAMP Trust 2006-S2 Certificates was filed on March 30, 2006, the principal amount issued by the GSAMP 2006-S2

Trust was $698,422,000, and Fitch, Inc., Standard & Poor's and Moody's Investor Services, Inc. provided ratings for the GSAMP Trust 2006-S2 Certificates.  Defendants further aver that, to the extent that paragraph 29 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

30.     Defendants deny that the allegations in paragraph 30 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 30 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

31.     Defendants deny that the allegations in paragraph 31 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 31 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

32.     Defendants deny that the allegations in paragraph 32 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 32 relates to the

GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

33.     Defendants deny that the allegations in paragraph 33 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 33 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

34.     Defendants deny that the allegations in paragraph 34 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 34 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

35.     Defendants deny that the allegations in paragraph 35 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 35 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no

further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

36.     Defendants deny that the allegations in paragraph 36 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 36 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

37.     Defendants deny that the allegations in paragraph 37 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 37 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

38.     Defendants deny that the allegations in paragraph 38 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 38 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust

2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

39.     Defendants deny the allegations in paragraph 39, except admit and aver that the Registration Statement was filed on November 5, 2004 and amended on November 24, 2004, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters, and further admit and aver that the Registration Statement was signed by Messrs. Sparks and Sobel.  Defendants further aver that, to the extent that paragraph 39 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

40.     Defendants deny the allegations in paragraph 40, except admit and aver that Defendants filed with the SEC a prospectus supplement on March 30, 2006 for the GSAMP Trust 2006-S2 Certificates.  Defendants further aver that, to the extent that paragraph 40 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

41.     Defendants deny that the allegations in paragraph 41 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 41 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

42.     Defendants deny that the allegations in paragraph 42 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 42 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

43.     Defendants deny the allegations in paragraph 43, except admit and aver that Goldman Sachs underwrote and sold the GSAMP Trust 2006-S2 Certificates and that the Registration Statement incorporated by reference the subsequently filed Prospectus Supplement. Defendants further aver that, to the extent that paragraph 43 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

44.     Defendants deny that the allegations in paragraph 44 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 44 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

45.      Defendants deny the allegations in paragraph 45.  Defendants further aver that, to the extent that paragraph 45 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

46.      Defendants deny that the allegations in paragraph 46 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 46 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

47.      Defendants deny the allegations in paragraph 47, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 47 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

48.      Defendants deny that the allegations in paragraph 48 present a fair and complete description of the matters described therein, except respectfully refer the Court to the Offering

Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 48 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

49.     Defendants deny the allegations in paragraph 49, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 49 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

50.     Defendants deny the allegations in paragraph 50, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 50 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

51.     Defendants deny the allegations in paragraph 51, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that

paragraph 51 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

52.     Defendants deny the allegations in paragraph 52, except admit and aver that GS Mortgage deposited certain mortgage loans into the GSAMP Trust 2006-S2, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.  Defendants further aver that, to the extent that paragraph 52 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

53.     Defendants deny that the allegations in paragraph 53 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 53 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

54.     Defendants deny the allegations in paragraph 54.  Defendants further aver that, to the extent that paragraph 54 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

55.    Defendants deny that the allegations in paragraph 55 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.

56.    Defendants deny that the allegations in paragraph 56 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.

57.    Defendants deny that the allegations in paragraph 57 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates and related matters.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny that the allegations in paragraph 59 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 59 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

60.     Defendants deny the allegations in paragraph 60.  Defendants further aver that, to the extent that paragraph 60 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

61.     Defendants deny the allegations in paragraph 61, except respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.

62.     Defendants deny that the allegations in paragraph 62 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.

63.     Defendants deny the allegations in paragraph 63.  Defendants further aver that, to the extent that paragraph 63 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the report of the Bankruptcy Court Examiner for New Century for a complete and accurate statement of its terms.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court

to the report of the Bankruptcy Court Examiner for New Century for a complete and accurate statement of its terms.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the report of the Bankruptcy Court Examiner for New Century for a complete and accurate statement of its terms.

67.     Defendants aver that paragraph 67 relates to the GSAA Home Equity Trust 2006-2 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

68.     Defendants aver that paragraph 68 relates to the GSAA Home Equity Trust 2006-2 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

69.     Defendants deny the allegations in paragraph 69.  Defendants further aver that, to the extent that paragraph 69 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 70 for a complete and accurate statement of its terms. Defendants further aver that, to the extent that paragraph 70 relates to the GSAA Home Equity

Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 71 for a complete and accurate statement of its terms. Defendants further aver that, to the extent that paragraph 71 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

72.     Defendants aver that paragraph 72 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

73.     Defendants aver that paragraph 73 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

74.     Defendants deny the allegations in paragraph 74.  Defendants further aver that, to the extent that paragraph 74 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

75.     Defendants deny the allegations in paragraph 75, except admit and aver that Goldman Sachs, on behalf of itself and its affiliates, GSMC and GS Mortgage, entered into a settlement agreement with the Massachusetts Attorney General, and respectfully refer the Court to that settlement agreement for a complete and accurate statement of its terms.  Defendants

further aver that, to the extent that paragraph 75 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

76.     Defendants deny the allegations in paragraph 76, except admit and aver that Goldman Sachs, on behalf of itself and its affiliates, GSMC and GS Mortgage, entered into a settlement agreement with the Massachusetts Attorney General, and respectfully refer the Court to that settlement agreement for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 76 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

77.     Defendants deny that the allegations in paragraph 77 present a fair and complete description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the settlement agreement referenced in paragraph 77 for a complete and accurate statement of its terms and related matters.  Defendants further aver that, to the extent that paragraph 77 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

78.     Defendants aver that paragraph 78 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

79.     Defendants aver that paragraph 79 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

80.     Defendants deny the allegations in paragraph 80.  Defendants further aver that, to the extent that paragraph 80 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

81.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 81 for a complete and accurate statement of its terms.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the action referenced in paragraph 82 for a complete and accurate statement of its terms.

83.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 83 for a complete and accurate statement of its terms.

84.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 84 for a complete and accurate statement of its terms.

85.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 85 for a complete and accurate statement of its terms.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 86 for a complete and accurate statement of its terms.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 87 for a complete and accurate statement of its terms.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 88 for a complete and accurate statement of its terms.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the settlement agreement referenced in paragraph 89 for a complete and accurate statement of its terms.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, except deny such allegations to the extent that they assert

or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 90 for a complete and accurate statement of its terms.

91.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 91 for a complete and accurate statement of its terms.

92.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the complaint referenced in paragraph 92 for a complete and accurate statement of its terms.

93.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 93 for a complete and accurate statement of its terms.

94.    Defendants aver that paragraph 94 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

95.    Defendants deny the allegations in paragraph 95.  Defendants further aver that, to the extent that paragraph 95 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

96.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, except deny such allegations to the extent that they assert

or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the press release referenced in paragraph 96 for a complete and accurate statement of its terms.

97.    Defendants aver that paragraph 97 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

98.    Defendants deny the allegations in paragraph 98.  Defendants further aver that, to the extent that paragraph 98 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

99.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 99 for a complete and accurate statement of its terms.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the article referenced in paragraph 100 for a complete and accurate statement of its terms.

101.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading.

102.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading.

103.     Defendants aver that paragraph 103 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

104.     Defendants deny the allegations in paragraph 104.  Defendants further aver that, to the extent that paragraph 104 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

105.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the action referenced in paragraph 105 for a complete and accurate statement of its terms.

106.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the action referenced in paragraph 106 for a complete and accurate statement of its terms.

107.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the

Court to the action referenced in paragraph 107 for a complete and accurate statement of its terms.

108.    Defendants deny the allegations in paragraph 108.  Defendants further aver that, to the extent that paragraph 108 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

109.    Defendants deny that the allegations in paragraph 109 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006 S-2 Certificates and related matters.

110.    Defendants aver that paragraph 110 relates to the GSAA Home Equity Trust 2006-2 and GSAA Home Equity Trust 2006-3 securitizations and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

111.    Defendants deny the allegations in paragraph 111.  Defendants further aver that, to the extent that paragraph 111 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

112.    Defendants deny that the allegations in paragraph 112 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 112 relates to the GSAA Home Equity Trust

2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

113.    Defendants deny that the allegations in paragraph 113 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 113 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

114.    Defendants deny that the allegations in paragraph 114 present a fair and complete description of the Uniform Standards of Professional Appraisal Practice ("USPAP"), except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the USPAP for a complete and accurate statement of their terms.

115.    Defendants deny that the allegations in paragraph 115 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 115 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

116.    Defendants deny that the allegations in paragraph 116 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert

or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms. Defendants further aver that, to the extent that paragraph 116 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

117.    Defendants deny that the allegations in paragraph 117 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms. Defendants further aver that, to the extent that paragraph 117 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

118.    Defendants deny the allegations in paragraph 118. Defendants further aver that, to the extent that paragraph 118 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

119.    Defendants deny that the allegations in paragraph 119 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms. Defendants further aver that, to the extent that paragraph 119 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading.

121.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the testimony referenced in paragraph 120 for a complete and accurate statement of its terms.

122.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the survey referenced in paragraph 122 for a complete and accurate statement of its terms.

123.    Defendants deny that the allegations in paragraph 123 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 123 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

124.    Defendants deny the allegations in paragraph 124.  Defendants further aver that, to the extent that paragraph 124 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

125.    Defendants deny that the allegations in paragraph 125 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 125 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

126.    Defendants deny that the allegations in paragraph 126 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 126 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

127.    Defendants deny that the allegations in paragraph 127 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 127 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

128.   Defendants deny that the allegations in paragraph 128 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 128 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

129.   Defendants deny that the allegations in paragraph 129 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 129 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

130.   Defendants deny that the allegations in paragraph 130 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 130 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

131.   Defendants deny the allegations in paragraph 131.  Defendants further aver that, to the extent that paragraph 131 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

132.    Defendants deny that the allegations in paragraph 132 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 132 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

133.    Defendants deny that the allegations in paragraph 133 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 133 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

134.    Defendants deny the allegations in paragraph 134.  Defendants further aver that, to the extent that paragraph 134 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

135.    Defendants deny that the allegations in paragraph 135 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 135 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

136.    Defendants aver that paragraph 136 relates to the GSAA Home Equity Trust 2006-2 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.  Defendants further aver that, to the extent that paragraph 136 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

137.    Defendants aver that paragraph 137 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.  Defendants further aver that, to the extent that paragraph 137 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

138.    Defendants aver that paragraph 138 relates to the GSAA Home Equity Trust 2006-3 securitization and that no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.  Defendants further aver that, to the extent that paragraph 138 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

139.    Defendants deny that the allegations in paragraph 139 present a fair and complete description of the Offering Documents, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 139 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

140.    Defendants deny that the allegations in paragraph 140 present a fair and complete description of the Offering Documents or of the ratings for the GSAMP Trust 2006-S2 Certificates, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents for a complete and accurate statement of their terms and to publicly available ratings for the GSAMP Trust 2006-S2 Certificates for a complete and accurate statement of those ratings.  Defendants further aver that, to the extent that paragraph 140 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

141.    Defendants deny the allegations in paragraph 141.  Defendants further aver that, to the extent that paragraph 141 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

142.    Defendants deny the allegations in paragraph 142, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142

regarding the Rating Agency Defendants, and respectfully refer the Court to the report referenced in paragraph 142 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 142 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

143.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the report referenced in paragraph 143 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 143 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

144.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the report referenced in paragraph 144 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 144 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

145.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the

Court to the report referenced in paragraph 145 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 145 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

146.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the report referenced in paragraph 146 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 146 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

147.    Defendants deny that the allegations in paragraph 147 present a fair and complete description of rules proposed by the SEC on June 11, 2008 ("SEC Proposed Rules"), except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the SEC's Proposed Rules for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 147 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

148.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the statements referenced in paragraph 148 for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 148 relates to the Rating

Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

149.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the statements referenced in paragraph 149 for a complete and accurate statement of their terms.  Defendants further aver that, to the extent that paragraph 149 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

150.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the testimony referenced in paragraph 150 for a complete and accurate statement of its terms.  Defendants further aver that, to the extent that paragraph 150 relates to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims against the Rating Agency Defendants.

151.    Defendants deny the allegations in paragraph 151, except refer the Court to the Offering Documents for a complete and accurate statement of their terms and related matters and to publicly available ratings for the GSAMP Trust 2006-S2 Certificates for a complete and accurate statement of those ratings.  Defendants further aver that, to the extent that paragraph 151 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required

pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

152.    Defendants deny that the allegations in paragraph 152 present a fair and accurate description of the matters described therein, except deny such allegations to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the trustee reports for the GSAMP Trust 2006-S2 Certificates for complete and accurate information.  Defendants further aver that, to the extent that paragraph 152 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

153.    Defendants deny the allegations in paragraph 153, except admit and aver that paragraph 153 purports to state legal conclusions as to which no further response is required, admit and aver that Plaintiff purports to bring a class action under the Securities Act of 1933, and deny further that the Action should be certified as a class action.  Defendants further aver that, to the extent that paragraph 153 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

154.    Defendants deny the allegations in paragraph 154, except admit and aver that paragraph 154 purports to state legal conclusions as to which no further response is required, and deny further that the Action should be certified as a class action.  Defendants further aver that, to the extent that paragraph 154 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

155.    Defendants deny the allegations in paragraph 155, except admit and aver that paragraph 155 purports to state legal conclusions as to which no further response is required, and deny further that the Action should be certified as a class action.  Defendants further aver that, to the extent that paragraph 155 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

156.    Defendants deny the allegations in paragraph 156, except admit and aver that paragraph 156 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 156 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

157.    Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 156 of the SAC as if fully set forth herein, except deny that the allegations in paragraph 157 constitute a claim to which any response is required.  Defendants further aver that, to the extent that paragraphs 1 through 157 relate to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

158.    Defendants deny the allegations in paragraph 158, except admit and aver that paragraph 158 purports to state legal conclusions as to which no further response is required.

159.    Defendants deny the allegations in paragraph 159.  Defendants further aver that, to the extent that paragraph 159 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

160.     Defendants deny the allegations in paragraph 160, except admit and aver that paragraph 160 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 160 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

161.     Defendants deny the allegations in paragraph 161, except admit and aver that Messrs. Sparks and Sobel each signed the Registration Statement.

162.     Defendants deny the allegations in paragraph 162, except admit and aver that Goldman Sachs underwrote the sale of the GSAMP Trust 2006-S2 Certificates.  Defendants further aver that, to the extent that paragraph 162 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

163.     Defendants deny the allegations in paragraph 163, except admit and aver that paragraph 163 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 163 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

164.    Defendants deny the allegations in paragraph 164.  Defendants further aver that, to the extent that paragraph 164 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

165.    Defendants deny the allegations in paragraph 165.  Defendants further aver that, to the extent that paragraph 165 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

166.    Defendants deny the allegations in paragraph 166.  Defendants further aver that, to the extent that paragraph 166 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

167.    Defendants deny the allegations in paragraph 167, except admit and aver that paragraph 167 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 167 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

168.    Defendants deny the allegations in paragraph 168.  Defendants further aver that, to the extent that paragraph 168 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

169.    Defendants deny the allegations in paragraph 169.  Defendants further aver that, to the extent that paragraph 169 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

170.    Defendants deny the allegations in paragraph 170.  Defendants further aver that, to the extent that paragraph 170 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

171.    Defendants deny the allegations in paragraph 171.  Defendants further aver that, to the extent that paragraph 171 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

172.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, except deny that the allegations regarding Mr. Blankfein present a fair and complete description of the matters described therein, and respectfully refer the Court to the recording of Mr. Blankfein's November 13, 2007 speech on GS Group's website for a complete and accurate statement of its terms.  Defendants further deny the allegations in paragraph 172 to the extent that they assert or suggest that the Offering Documents are false or misleading, and respectfully refer the Court to the Offering Documents

for a complete and accurate statement of their terms and related matters and to publicly available ratings for the GSAMP Trust 2006-S2 Certificates for a complete and accurate statement of those ratings.  Defendants further aver that, to the extent that paragraph 172 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

173.   Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 172 of the SAC as if fully set forth herein, except deny that the allegations in paragraph 173 constitute a claim to which any response is required.  Defendants further aver that, to the extent that paragraphs 1 through 173 relate to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

174.   Defendants deny the allegations in paragraph 174, except admit and aver that paragraph 174 purports to state legal conclusions as to which no further response is required.

175.   Defendants deny the allegations in paragraph 175.  Defendants further aver that, to the extent that paragraph 175 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

176.   Defendants deny the allegations in paragraph 176.  Defendants further aver that, to the extent that paragraph 176 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

177.    Defendants deny the allegations in paragraph 177, except admit and aver that paragraph 177 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 177 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

178.    Defendants deny the allegations in paragraph 178.  Defendants further aver that, to the extent that paragraph 178 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

179.    Defendants deny the allegations in paragraph 179, except admit and aver that paragraph 179 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 179 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

180.    Defendants deny the allegations in paragraph 180, except admit and aver that paragraph 180 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 180 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

181.    Defendants deny the allegations in paragraph 181.  Defendants further aver that, to the extent that paragraph 181 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home

Equity Trust 2006-3 securitizations, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities.

182.   Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 181 of the SAC as if fully set forth herein, except deny that the allegations in paragraph 182 constitute a claim to which any response is required.  Defendants further aver that, to the extent that paragraphs 1 through 182 relate to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

183.   Defendants deny the allegations in paragraph 183, except admit and aver that paragraph 183 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 183 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

184.   Defendants deny the allegations in paragraph 184.  Defendants further aver that, to the extent that paragraph 184 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

185.   Defendants deny the allegations in paragraph 185, except respectfully refer the Court to the Offering Documents for a complete and accurate description of the GSAMP Trust 2006-S2 Certificates.  Defendants further aver that, to the extent that paragraph 185 relates to the

GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

186.     Defendants deny the allegations in paragraph 186.  Defendants further aver that, to the extent that paragraph 186 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing all claims with respect to those securities and all claims against the Rating Agency Defendants.

187.     Defendants deny the allegations in paragraph 187, except admit and aver that paragraph 187 purports to state legal conclusions as to which no further response is required. Defendants further aver that, to the extent that paragraph 187 relates to the GSAA Home Equity Trust 2006-2 or GSAA Home Equity Trust 2006-3 securitizations or to the Rating Agency Defendants, no further response is required pursuant to the Opinion dismissing Plaintiff's claims with respect to those securities and all claims against the Rating Agency Defendants.

Prayer for Relief.  Defendants deny that this Action should be maintained as a class action or that Plaintiff is entitled to relief against Defendants, and request that the Court dismiss all claims against Defendants with prejudice and order such other and further relief as the Court deems just and proper.

Jury Demand.  Defendants deny the allegations in Plaintiff's demand for a jury trial, except admit and aver that Plaintiff purports to demand a jury trial.

**DEFENSES**

Defendants assert the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff:

FIRST DEFENSE

By the Opinion dated January 12, 2011, the Court dismissed Plaintiff's claims under Sections 11, 12(a)(2) and 15 with respect to the GSAA Home Equity Trust 2006-2 and GSAA Home Equity Trust 2006-3 securitizations; and, accordingly, no response is required with respect to those claims or the GSAA Home Equity Trust 2006-2 and GSAA Home Equity Trust 2006-3 securitizations.

SECOND DEFENSE

The claims asserted against Defendants under Sections 11, 12(a)(2) and 15 fail to allege facts sufficient to state a claim upon which relief may be granted.

THIRD DEFENSE

Plaintiff lacks standing to sue under Sections 11, 12(a)(2) or 15 for claims against Defendants.

FOURTH DEFENSE

Even if Plaintiff has standing to sue under Sections 11, 12(a)(2) or 15—which it does not—Plaintiff, in all events, lacks standing to sue under Sections 11, 12(a)(2) or 15 for claims relating to certificates not in the A3 tranche of the GSAMP Trust 2006-S2 Certificates.

FIFTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiff's claims under Sections 11, 12(a)(2) and 15 against Defendants are barred by the applicable statutes of limitation.  Without limiting the foregoing, Defendants are further informed and believe, and on that basis assert, that Plaintiff had either actual or inquiry notice of its alleged

claims more than one year before first bringing the claims asserted in the original complaint, and that Plaintiff could have, but failed, to conduct a reasonable inquiry as to the existence of such claims.  Plaintiff was required, but failed, to allege in the SAC facts concerning the nature and scope of its inquiry (if any) more than one year prior to asserting the causes of action alleged in the original complaint.

## SIXTH DEFENSE

Defendants are informed and believe, and on that basis assert, that if and to the extent the Offering Documents for the GSAMP Trust 2006-S2 Certificates and materials incorporated therein are found to have false or misleading statements (which Defendants deny), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Defendants are further informed and believe, and on that basis allege, that Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants under Sections 11, 12(a)(2) or 15 because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

## SEVENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Defendants are not liable to Plaintiff or the putative class members (if any) because (i) the Offering Documents for the GSAMP Trust 2006-S2 Certificates did not contain any false or misleading statements of material fact or omissions of material fact, (ii) the Offering Documents for the GSAMP Trust 2006-S2 Certificates bespoke caution about the risks of investing in the GSAMP Trust 2006-S2 offering, and (iii) Defendants are not responsible in law or fact for any alleged false or

misleading statement or omission of material fact by others or for any statements not contained in the Offering Documents for the GSAMP Trust 2006-S2 Certificates.

EIGHTH DEFENSE

Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents for the GSAMP Trust 2006-S2 Certificates were not material to the investment decisions of a reasonable investor.

NINTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants GS Group, GSMC and the Individual Defendants under Section 15 because Plaintiff has failed properly to allege the requisite control over GS Mortgage or the occurrence of a primary violation under Sections 11 or 12(a)(2).

TENTH DEFENSE

Plaintiff and the putative class members (if any) are not entitled to any recovery under Section 12(a)(2) from Goldman Sachs or GS Mortgage or under Section 15 from GS Group, GSMC or the Individual Defendants because Goldman Sachs (as the underwriter for the GSAMP Trust 2006-S2 Certificates) and GS Mortgage (as the depositor for the GSAMP 2006-S2 Trust) acted at all times in good faith, and neither had knowledge, nor were reckless in not knowing, that any alleged statement or omission was false or misleading.

ELEVENTH DEFENSE

Plaintiff and the putative class members (if any) are not entitled to any recovery under Section 12(a)(2) from Goldman Sachs or GS Mortgage or under Section 15 from GS Group, GSMC or the Individual Defendants because Goldman Sachs (as the underwriter for the

GSAMP Trust 2006-S2 Certificates) and GS Mortgage (as the depositor for the GSAMP 2006-S2 Trust) did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Offering Documents for the GSAMP Trust 2006-S2 Certificates.

<u>TWELFTH DEFENSE</u>

Plaintiff and the putative class members (if any) are not entitled to any recovery under Section 12(a)(2) from Goldman Sachs or GS Mortgage or under Section 15 from GS Group, GSMC or the Individual Defendants because, at all relevant times, Goldman Sachs (as the underwriter for the GSAMP Trust 2006-S2 Certificates) and GS Mortgage (as the depositor for the GSAMP 2006-S2 Trust) conducted a reasonable investigation, and had reasonable grounds to believe and did believe, at the time the Offering Documents for the GSAMP Trust 2006-S2 Certificates became effective, that the statements therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

<u>THIRTEENTH DEFENSE</u>

The claims of Plaintiff and the putative class members (if any) against Defendants are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiff or the putative class members to disclose information allegedly omitted from the Offering Documents for the GSAMP Trust 2006-S2 Certificates, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents for the GSAMP Trust 2006-S2 Certificates.

<u>FOURTEENTH DEFENSE</u>

The claims of Plaintiff and the putative class members (if any) against Defendants are barred, in whole or in part, because at all relevant times, Goldman Sachs (as the underwriter

for the GSAMP Trust 2006-S2 Certificates) and GS Mortgage (as the depositor for the GSAMP 2006-S2 Trust) relied in good faith on the representations, reports, expert opinions and advice of others.

<u>FIFTEENTH DEFENSE</u>

Defendants are informed and believe, and on that basis assert, that damages or injuries suffered by Plaintiff or the putative class members (if any) were not legally caused by any act or omission on the part of Defendants.

<u>SIXTEENTH DEFENSE</u>

Defendants are informed and believe, and on that basis assert, that Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants under Sections 11, 12(a)(2) or 15 because the damages alleged represent something other than the depreciation in value of the offered securities resulting from any part of the Offering Documents for the GSAMP Trust 2006-S2 Certificates that Plaintiff alleges was untrue, or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

<u>SEVENTEENTH DEFENSE</u>

Defendants are informed and believe, and on that basis assert, that, if any liability should arise in the Action (and none should), Defendants would not be liable under Sections 11, 12(a)(2) or 15 for damages (if any) in excess of the total price at which the class A3 GSAMP Trust 2006-S2 Certificates were offered to the public.

<u>EIGHTEENTH DEFENSE</u>

Defendants are informed and believe, and on that basis assert, that any damages or injuries suffered by Plaintiff or the putative class members (if any) are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

## NINETEENTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiff's claims against Defendants are barred in whole or in part because of the contribution of, or the comparative fault and contributory negligence of, Plaintiff or other entities or persons.

## TWENTIETH DEFENSE

The claims of Plaintiff and the putative class members (if any) against Defendants are barred in whole or in part because any damages or injuries incurred by Plaintiff or the putative class members (if any) were caused solely by the acts or omissions of Plaintiff or others, over which Defendants had no control and of which Defendants were not aware.

## TWENTY-FIRST DEFENSE

Plaintiff and the putative class members (if any), at all relevant times, had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the SAC.  Defendants are informed and believe, and on that basis assert, that Plaintiff and any putative class members failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## TWENTY-SECOND DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants because Plaintiff and the putative class members (if any) did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing class A3 GSAMP Trust 2006-S2 Certificates.

## TWENTY-THIRD DEFENSE

Defendants are informed and believe, and on that basis assert, that, if and to the extent that the Offering Documents for the GSAMP Trust 2006-S2 Certificates and materials

incorporated therein are determined to have contained false or misleading statements or to have omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading (which Defendants deny), Plaintiff and the putative class members (if any) either knew or should have known about the matters alleged in the SAC, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiff and the putative class members (if any) from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

TWENTY-FOURTH DEFENSE

Defendants are informed and believe, and on that basis assert, that Plaintiff and the putative class members (if any) are not entitled to any recovery from Defendants because Plaintiff and any putative class members purchased the class A3 GSAMP Trust 2006-S2 Certificates with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of the securities would decline if such risks materialized.

TWENTY-FIFTH DEFENSE

Defendants are informed and believe, and on that basis assert, that the claims of Plaintiff and the putative class members (if any) against Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

TWENTY-SIXTH DEFENSE

Defendants are informed and believe, and on that basis assert, that the claims of Plaintiff and the putative class members (if any) against Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

## TWENTY-SEVENTH DEFENSE

Plaintiff and the putative class members (if any), are not entitled to any recovery from Defendants because Plaintiff and/or one or more putative plaintiff class members ratified the alleged wrongful acts and omissions alleged in the SAC.

## TWENTY-EIGHTH DEFENSE

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiff and the putative class members (if any) against Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## TWENTY-NINTH DEFENSE

Defendants are informed and believe, and on that basis assert, that (i) Plaintiff does not meet the adequacy or typicality requirements of Rule 23 and (ii) the putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

To the extent that Plaintiff and the putative class members (if any) purchased class A3 GSAMP Trust 2006-S2 Certificates in the secondary market, or by any means other than directly in connection with the offering of those certificates, they are not entitled to any recovery from Defendants.

## THIRTY-FIRST DEFENSE

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged against Defendants.

### THIRTY-SECOND DEFENSE

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

### THIRTY-THIRD DEFENSE

Other parties not named in the SAC may be indispensable parties to this action.

### THIRTY-FOURTH DEFENSE

The purported claims against Defendants and the allegations upon which they are based are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

## PRAYER FOR RELIEF

Based upon the foregoing, Defendants pray that this Court deny any relief or request for judgment on behalf of Plaintiff or the putative class members (if any), and dismiss this Action against Defendants in its entirety, with prejudice and without further leave to amend. Defendants also pray for such other and further relief as may be appropriate or that the Court deems just and proper.

Dated: February 28, 2011

Respectfully submitted,

SULLIVAN & CROMWELL LLP

/s/ Richard H. Klapper_____
Richard H. Klapper (*klapperr@sullcrom.com*)
Theodore Edelman (*edelmant@sullcrom.com*)
D. Andrew Pietro (*pietroda@sullcrom.com*)
125 Broad Street
New York, New York  10004-2498
Telephone:  (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for Defendants The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Company, GS Mortgage Securities Corp., Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2011 I caused a copy of the Defendants' Answer to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF system.

/s/ D. Andrew Pietro_____
D. Andrew Pietro
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
*pietroda@sullcrom.com*
*Counsel for Defendants The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Company, GS Mortgage Securities Corp., Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss*