# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually And on Behalf of All Others Similarly Situated, :<br><br>Plaintiff, :<br>v. :<br><br>THE GOLDMAN SACHS GROUP, INC., et al., :<br><br>Defendants. : | Civil Action No. 09-CV-1110 (HB)<br><br>STIPULATION AND AGREEMENT OF SETTLEMENT |

This Stipulation and Agreement of Settlement dated as of July 31, 2012 (the "Stipulation" or "Settlement Agreement"), is made and entered into by and among (i) Public Employees' Retirement System of Mississippi ("MissPERS"), on behalf of itself and the Class (as defined below), which serves as Lead Plaintiff in the class action styled *Public Employees' Retirement System of Mississippi, Individually And on Behalf of All Others Similarly Situated* v. *The Goldman Sachs Group, Inc., et al.*, 09 Civ. 1110 (HB), and (ii) The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Co., GS Mortgage Securities Corp., Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss, by and through their respective counsel, is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, and is subject to this Court's approval.

This Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and the Released Defendants' Claims as against all Released Parties, upon and subject to the terms and conditions stated in this Stipulation.

**WHEREAS:**

A.     Except as otherwise defined in this Stipulation, all capitalized words or terms used in this Stipulation shall have the meaning ascribed to those words or terms as set forth in ¶ 1 of this Stipulation, entitled "Definitions."

B.     The Litigation was commenced on February 6, 2009 by MissPERS against Defendants, alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act with respect to disclosures made in the Offering Materials for the GSAMP 2006-S2 Offering, the GSAA 2006-2 Offering, and the GSAA 2006-3 Offering.  In the Initial Complaint, MissPERS alleged that the Offering Materials "contained untrue statements of material fact, omitted to state other facts necessary to make the statements not misleading, and omitted to state material facts required to be stated therein."[1]

C.     MissPERS filed an amended complaint on June 22, 2009 and the SAC—the operative complaint—on September 18, 2009, which both contained allegations substantially similar to those in the Initial Complaint.  Defendants moved to dismiss the SAC on November 2, 2009.  MissPERS filed its opposition to the Motion to Dismiss on December 21, 2009, and Defendants filed their reply in support of the Motion to Dismiss on January 20, 2010.

D.     Following oral argument, the Court granted in part and denied in part the Motion to Dismiss by Order dated January 12, 2011.  The Court dismissed for lack of standing MissPERS' claims as to the GSAA 2006-2 Offering and the GSAA 2006-3 Offering, but allowed MissPERS to proceed with its claims under Section 11 and 12(a)(2) of the Securities Act as to alleged misstatements and omissions in the Offering Materials for the Certificates.  The Court

---

[1] The recitation of the underlying facts of the Litigation is made only with respect to MissPERS' claims against Defendants. MissPERS' claims as to McGraw-Hill Companies, Inc., Moody's Investors Service, Inc. and Fitch, Inc. (the "Ratings Agency Defendants") were dismissed by Order dated January 12, 2011.

also allowed MissPERS to proceed with its claims under Section 15 of the Securities Act.
Defendants filed their answer to the SAC on February 28, 2011.

     E.     On March 3, 2011, the Court issued a Pre-Trial Scheduling Order pursuant to
Rule 26(f) of the Federal Rules in which the Court: (i) added the Litigation to the October 2012
Trailing Trial Calendar as a jury trial; (ii) required that the parties engage in discovery related to
class certification issues between April 1, 2011 and June 30, 2011; (iii) required that the parties
disclose their expert reports and begin expert discovery related to class certification issues by
July 15, 2011, to be completed by August 1, 2011; and (iv) established a schedule for merits
discovery and dispositive motion practice. Thereafter, Defendants and MissPERS engaged in
document and deposition discovery in accordance with the Pre-Trial Scheduling Order.

     F.     On September 27, 2011, MissPERS moved for class certification pursuant to
Rules 23(a) and 23(b) of the Federal Rules. In the Class Certification Motion, MissPERS sought
to certify a class of "[a]ll persons or entities who purchased or otherwise acquired publicly
offered certificates of GSAMP Trust 2006-S2 and who were damaged thereby" from the date of
the Offering through February 6, 2009, the date of the Initial Complaint. Defendants opposed
the Class Certification Motion on October 28, 2011, and MissPERS filed its reply in support of
the Class Certification Motion on November 14, 2011. Oral argument on the Class Certification
Motion was held on December 16, 2011. On February 3, 2012, the Court issued the Class
Certification Order, certifying the class requested by MissPERS, and appointing MissPERS
Class Representative and Bernstein Litowitz Berger & Grossmann LLP Class Counsel.

     G.     On February 16, 2012, Defendants filed a Petition with the Second Circuit,
captioned *Public Employees' Retirement System of Mississippi* v. *The Goldman Sachs Group,
Inc., et al.*, 12-614-cv (2d Cir.), requesting permission to appeal the Class Certification Order

pursuant to Rule 23(f). Lead Plaintiff opposed the Petition on March 2, 2012, and Defendants filed their reply on March 7, 2012. On June 13, 2012, the Second Circuit granted the Petition. By letter dated July 10, 2012, Defendants notified the Second Circuit of their intention to file their opening brief in the Appeal on July 27, 2012.

   H. On July 13, 2012, after extensive arm's-length negotiations with the assistance of The Honorable Daniel Weinstein (Retired) as Mediator, Lead Plaintiff and Defendants accepted the Mediator's proposal to settle all claims asserted in the Litigation against Defendants. Lead Counsel submitted a letter to the Court on the same day informing the Court of the proposed settlement and proposing that the parties file this Stipulation, along with ancillary motion papers in support of preliminary approval of the Settlement, by July 31, 2012. Lead Counsel further requested that the Court hold the Litigation in abeyance until the parties' submission of the Stipulation and the Court's ruling on the Preliminary Approval Order. The Court endorsed this letter on July 17, 2012.

   I. On July 19, 2012, Defendants filed in the Second Circuit a consent motion to stay the Appeal pending approval of the Settlement. The Second Circuit granted the consent motion on July 23, 2012.

   J. Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. Lead Plaintiff and Lead Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeals, including the Appeal. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are

mindful of the inherent problems of proof of, and the possible defenses to, the claims alleged in the Litigation. Lead Plaintiff and Lead Counsel believe that the settlement set forth in this Stipulation confers substantial monetary benefits upon the Class. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the other members of the Class.

K.     Defendants have denied and continue to deny any fault, liability, or wrongdoing of any kind. Defendants also have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff on behalf of the Class, including all claims in the SAC. Defendants have denied and continue to deny, among other things, the allegations that Defendants made any misrepresentations or omissions in the Offering Materials for, or in connection with the offering or sale of, the Certificates. Defendants further have denied and continue to deny that MissPERS or any member of the Class was harmed or suffered any loss as a result of any of the conduct alleged in the Litigation, including all of the conduct alleged in the SAC.

L.     Defendants are entering into this Settlement to eliminate the burden, expense, uncertainty, distraction and risk of further litigation. This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that Defendants have or could have asserted.

**NOW THEREFORE,** without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Litigation whatsoever, and without any concession on the part of

5

Defendants of any liability or wrongdoing or lack of merit in their defenses whatsoever, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules, that, in consideration of the benefits flowing to the Settling Parties from the Settlement, all Released Claims and all Released Defendants' Claims as against all Released Parties shall be unconditionally, fully, finally and forever compromised, settled, released and dismissed with prejudice, and without costs save for the Lead Counsel Fees, to the extent approved by the Court, upon and subject to the following terms and conditions:

## DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the meanings set forth below:

(a)     "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation.

(b)     "Appeal" means the proceedings before the Second Circuit captioned *Public Employees' Retirement System of Mississippi* v. *The Goldman Sachs Group, Inc., et al.*, 12-2366-cv (2d Cir.).

(c)     "Authorized Claimant" means a member of the Class who or which submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(d)     "Certificates" means the publicly offered mortgage pass-through certificates of GSAMP Trust 2006-S2.

6

(e)     "Claims Administrator" means Garden City Group, Inc., the firm tentatively retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to the Class, process Proof of Claim Forms and administer the Settlement.

(f)     "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(g)     "Claimant" means a person or entity that submits a Proof of Claim Form to the Claims Administrator seeking to share in the proceeds of the Net Settlement Fund.

(h)     "Class" means any and all Persons who or which purchased or otherwise acquired publicly offered certificates of GSAMP Trust 2006-S2 from March 30, 2006 through February 6, 2009, inclusive, and were damaged thereby, *except* those Persons that timely and validly request exclusion from the Settlement. The Class does not include Defendants and each of their Related Parties *except* for any Investment Vehicle as defined herein.

(i)     "Class Certification Motion" means Lead Plaintiff's Motion for Class Certification and to Appoint itself as Class Representative and its counsel, Bernstein Litowitz Berger & Grossmann as Class Counsel, and supporting memoranda, pursuant to Rules 23(a) and 23(b) of the Federal Rules, dated September 27, 2011.

(j)     "Class Certification Order" means the Opinion and Order dated February 3, 2012, by which the Court granted the Class Certification Motion.

(k)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)     "Class Period" means the period from March 30, 2006 through February 6, 2009, inclusive.

(m)     "Class Representative" means the Public Employees' Retirement System

of Mississippi.

(n)     "Court" means the United States District Court for the Southern District of

New York.

(o)     "Defendants" means Goldman Sachs and the Individual Defendants.

(p)     "Defendants' Counsel" means the law firm of Sullivan & Cromwell LLP.

(q)     "23(f) Dismissal Notice" means the notice of voluntary dismissal to be

filed in the Appeal upon the Effective Date having occurred.

(r)     "Effective Date" means the first business date on which, unless otherwise

waived by the Settling Parties, all events and conditions specified in ¶ 41 of this Stipulation,

have been met and have occurred.

(s)     "Escrow Account" means an account maintained at Valley National Bank

to hold the Settlement Amount, which account, subject to the Court's supervisory authority, shall

be under the exclusive control of Lead Counsel.

(t)     "Escrow Agent" means Valley National Bank.

(u)     "FDIC" means the Federal Deposit Insurance Corporation.

(v)     "Federal Rules" means the Federal Rules of Civil Procedure.

(w)     "Fee and Expense Application" means a request from Lead Counsel to the

Court for the Lead Counsel Fees.

(x)     "Final," with respect to the Judgment, means the later of:  (i) if there is an

appeal from the Judgment, the date of final affirmance on appeal and the expiration of the time

for any further judicial review whether by appeal, reconsideration or a petition for a writ of

certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following

8

review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) the expiration of the time for the filing or noticing of any appeal from the Judgment, which is thirty (30) calendar days after entry of the Judgment on the Court's docket (or, if the date for taking an appeal or seeking review of the Judgment is extended beyond this time by order of the Court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought); or (iv) if the Court enters an Alternative Judgment and the Settlement is not terminated, the date on which such Alternative Judgment becomes final, as defined in parts (i) to (iii) above, and is no longer subject to appeal or review. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund (or such other plan of allocation as the Court may approve), or to the Court's award of Lead Counsel Fees, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final, or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(y)     "Goldman Sachs" means, collectively, The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Company and GS Mortgage Securities Corp.

(z)     "GSAA 2006-2 Offering" means the offering of mortgage pass-through certificates issued by the GSAA Home Equity Trust 2006-2.

(aa)     "GSAA 2006-3 Offering" means the offering of mortgage pass-through certificates issued by the GSAA Home Equity Trust 2006-3.

(bb)     "GSAMP 2006-S2 Offering" means the offering of the Certificates issued by the Trust.

9

(cc)   "Immediate Family" means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships.  In this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union.

(dd)   "Individual Defendants" means, collectively, Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss.

(ee)   "Initial Complaint" means the initial complaint that MissPERS filed in the Litigation dated February 6, 2009.

(ff)   "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(gg)   "Judgment" means the proposed judgment, substantially in the form attached to this Stipulation as Exhibit "B," to be entered by the Court.

(hh)   "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(ii)   "Lead Counsel Fees" means all fees, including interest, and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Litigation (which, in accordance with 15 U.S.C. §78u-4(a)(4), may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), including Notice and Administration

10

Expenses, consistent with Lead Plaintiff's retainer agreement, not to exceed Five Million, Three Hundred Thousand Dollars ($5,300,000.00), in cash.

(jj)     "Lead Plaintiff" means the Public Employees' Retirement System of Mississippi.

(kk)     "Litigation" means *Public Employees' Retirement System of Mississippi, Individually And on Behalf of All Others Similarly Situated* v. *The Goldman Sachs Group, Inc., et al.*, 09 Civ. 1110 (HB), pending in the United States District Court for the Southern District of New York, before The Honorable Harold Baer, Jr.

(ll)     "Mediator" means The Honorable Daniel Weinstein (Retired).

(mm)     "Motion to Dismiss" means Defendants' Motion to Dismiss the SAC, and supporting memoranda, pursuant to Rule 12(b)(6) of the Federal Rules, dated November 2, 2009.

(nn)     "Net Settlement Fund" means the Settlement Fund less (i) any required Taxes or fees or expenses incurred in connection with the Escrow Account; (ii) any other fees or expenses approved by the Court, not including the Lead Counsel Fees; and (iii) the difference, if any, between Five Million, Three Hundred Thousand Dollars ($5,300,000.00), in cash, and the amount awarded by the Court in Lead Counsel Fees.

(oo)     "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which will be sent to the Class and, subject to approval of the Court, shall be substantially in the form attached to this Stipulation as Exhibit "1" to Exhibit "A."

(pp)     "Notice and Administration Expenses" means all fees and expenses incurred in connection with providing notice to the Class and the administration of the

11

Settlement, including, but not limited to, fees and expenses incurred through: (i) preparing and printing of the Notice; (ii) providing notice of the proposed Settlement by mail, publication and other means; (iii) receiving and reviewing claims; (iv) applying the Plan of Allocation; (v) communicating with Persons regarding the proposed Settlement and claims administration process; and (vi) distributing the proceeds of the Settlement.

(qq) "Offering Materials" means any and all legal documents by which an issuer offers securities for sale, including, but not limited to, Registration Statements, Prospectuses and Prospectus Supplements.

(rr) "Opt-Out Threshold" means the agreed-upon criteria regarding requests for exclusion from the Class, which, if exceeded, shall afford Defendants the option to render the Stipulation null and void.

(ss) "Person" and "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(tt) "Plaintiffs' Counsel" means, collectively, Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of Lead Plaintiff.

(uu) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation that the Court approves.

(vv) "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice to the Class of the pendency of the Litigation and

of the Settlement, which, subject to the approval of the Court, shall be substantially in the form attached to this Stipulation as Exhibit "A."

(ww)  "Proof of Claim Form" means the Proof of Claim and Release form for submitting a Claim, which shall be substantially in the form attached to this Stipulation as Exhibit "2" to Exhibit "A," that a Claimant or member of the Class must complete for that Claimant or member of the Class to be eligible to share in distribution of the Net Settlement Fund.

(xx)  "Related Parties" means: (i) with respect to each Individual Defendant, his or her assigns, attorneys, advisors, representatives, members of his or her Immediate Family, heirs, executors, estates, administrators, and insurers, in their respective capacities as such; (ii) with respect to all other Defendants, each of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present officers, directors, agents, partners, principals, members, employees, attorneys, advisors, auditors, accountants and insurers, in their respective capacities as such; and (iii) with respect to all Defendants, any firm, trust, corporation, or other entity in which any of Defendants has or had a controlling interest, in their respective capacities as such.

(yy)  "Released Claims" means (a) to the fullest extent permitted by law or equity, any and all claims, allegations, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown (as defined below), whether arising under federal, state, local, statutory, common law or any other domestic or foreign law, rule or regulation, that arise from, relate to or are in connection with the purchase, acquisition, holding, sale or disposition of certificates of GSAMP Trust 2006-S2, that Lead Plaintiff or any other

13

member of the Class asserted in the Litigation or could have asserted in any forum arising out of or based upon the allegations, transactions, facts, claims, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the complaints filed in the Litigation, including the SAC, and (b) Lead Plaintiff's and/or any Class Member's right or claim, based on his, her or its status as Lead Plaintiff or a Class Member, to appeal from any pretrial ruling in this Litigation.  Released Claims do not include claims based upon, relating to or arising out of the interpretation or enforcement of the terms of the Settlement.

(zz)   "Released Defendants' Claims" means, to the fullest extent permitted by law or equity, any and all claims, allegations, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown (as defined below), whether arising under federal, state, local, statutory, common law or any other domestic or foreign law, rule or regulation, that Defendants, or any of them, or any other Released Defendant Party asserted, or could have asserted, against any of the Released Plaintiff Parties that arise from, relate to or are in connection with the commencement, prosecution, settlement or resolution of the Litigation or the claims against the Released Defendant Parties; *provided* that Released Defendants' Claims do not include claims based upon, relating to or arising out of the interpretation or enforcement of the terms of the Settlement.

(aaa)   "Released Defendant Parties" means any and all of Defendants and each of their Related Parties.

(bbb)   "Released Parties" means, collectively, the Released Defendant Parties and the Released Plaintiff Parties.

14

(ccc)   "Released Plaintiff Parties" means Lead Plaintiff, each and every member of the Class and Lead Counsel, and their respective trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, and limited liability companies; the Immediate Families of the members of the Class who are individuals, as well as their legal representatives, heirs, successors or assigns; and any trust of which Lead Plaintiff, any member of the Class or Lead Counsel is the settlor or which is for the benefit of any of their immediate family members.

(ddd)   "SAC" means the Second Amended Class Action Complaint for Violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933—the operative complaint in the Litigation—which was filed on September 18, 2009.

(eee)   "Second Circuit" means the United States Court of Appeals for the Second Circuit.

(fff)   "Securities Act" means the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*

(ggg)   "Settlement" means the compromise and settlement among the Settling Parties contemplated by, and provided for in, this Stipulation.

(hhh)   "Settlement Amount" means (i) the Settlement Fund and (ii) Lead Counsel Fees. In consideration of the above, the Settlement Amount means the total principal amount of Twenty Six Million, Six Hundred and Twelve Thousand, Five Hundred Dollars ($26,612,500.00), in cash, subject to reduction as provided in ¶¶ 1(iii) and 35 of this Stipulation; *provided, however*, that the effectiveness of the Settlement shall not be contingent upon the Court's approval of the Lead Counsel Fees.

15

(iii)    "Settlement Fund" means the total principal amount of Twenty One Million, Three Hundred and Twelve Thousand, Five Hundred Dollars ($21,312,500.00), in cash, subject to a reduction to the total principal amount of Twenty Million Dollars ($20,000,000.00), in cash, if Stichting ABP requests exclusion from the Settlement (in which case, the "Settlement Amount" shall be reduced accordingly).

(jjj)    "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved pursuant to Rule 23(e) of the Federal Rules.

(kkk)    "Settling Parties" means the Defendants, Lead Plaintiff, individually and on behalf of all others similarly situated, and the Class.

(lll)    "Stipulation" means this Stipulation and Agreement of Settlement.

(mmm)   "Stichting ABP" means Stichting Pensioenfonds ABP which filed the Stichting Complaint against Defendants, among others, on January 27, 2012 in the Supreme Court of the State of New York, New York County.

(nnn)    "Stichting Complaint" means the complaint filed in *Stichting Pensioenfonds ABP* v. *The Goldman Sachs Grp., Inc.*, Index No. 650264/2012 (N.Y. Sup. Ct. filed January 27, 2012).

(ooo)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which shall be substantially in the form attached to this Stipulation as Exhibit "3" to Exhibit "A," to be published as set forth in the Preliminary Approval Order.

16

(ppp)    "Supplemental Agreement" means the Supplemental Agreement

Regarding Settlement to be executed by the Settling Parties which shall provide the terms of the

Opt-Out Threshold.

(qqq)    "Supreme Court" means the Supreme Court of the United States.

(rrr)    "Taxes" means all taxes on the Settlement Amount and all expenses and

costs incurred in connection with the taxation of the Settlement Amount (including, without

limitation, interest, penalties and the expenses of tax attorneys and accountants).

(sss)    "Termination Notice" means the written provision of notice by either

Defendants or Lead Plaintiff of its intent to terminate the Settlement.

(ttt)    "Trust" means the GSAMP Trust 2006-S2.

(uuu)    "Unknown Claims" means any and all Released Claims that the Lead

Plaintiff or any other member of the Class does not know or suspect to exist in his, her or its

favor at the time of the release of the Released Defendant Parties, and any Released Defendants'

Claims that any Defendant or any other Released Defendant Party does not know or suspect to

exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which if

known by him, her or it might have affected his, her or its decision(s) with respect to the

Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the

Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and each of

Defendants shall expressly waive, and each other member of the Class and each other Released

Defendant Party will be deemed to have, and by operation of the Judgment or any Alternative

Judgment will have, expressly waived and relinquished any and all provisions, rights and

benefits conferred by any law of any state or territory of the United States or any other

17

jurisdiction, or principle of common law that is similar, comparable, or equivalent to Cal. Civ.
Code § 1542, which provides:

> **A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.**

Lead Plaintiff, any other member of the Class, any Defendant or any other Released Defendant

Party may hereafter discover facts in addition to or different from those that he, she, or it now

knows or believes to be true with respect to the subject matter of, respectively, the Released

Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly,

fully, finally and forever settle and release, and each other member of the Class and each other

Released Defendant Party shall be deemed to have settled and released, and upon the Effective

Date and by operation of the Judgment shall have settled and released, fully, finally, and forever,

any and all Released Claims and Released Defendants' Claims as applicable, without regard to

the existence or subsequent discovery of such different or additional facts. Lead Plaintiff and

Defendants acknowledge, and each other member of the Class and each other Released

Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was

separately bargained for and was a key and material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation are, subject to the approval

by the Court and such approval becoming Final, in full and final disposition of the Litigation

with respect to the Released Parties and any and all Released Claims and Released Defendants'

Claims; *provided, however,* that the effectiveness of the Settlement shall not be contingent upon the Court's approval of the Lead Counsel Fees.

3.      For purposes of this Settlement only, the Settling Parties agree to the certification of the Litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Class as defined in ¶ 1(h) of this Stipulation, and to the appointment of (i) Lead Plaintiff as Class Representative for the Class and (ii) Lead Counsel as Class Counsel for the Class. In that regard, for purposes of this Settlement only, and subject to the Settlement becoming Final, Defendants agree to withdraw the Appeal following the Effective Date. The Settling Parties further agree, for purposes of this Settlement only, and subject to the Settlement becoming Final, to stay or withdraw without prejudice any pending discovery motions related to the Litigation before this Court or any other court.

4.      By operation of the Judgment, as of the Effective Date, and subject to ¶¶ 1(yy) and 25 of this Stipulation, Lead Plaintiff and each and every other member of the Class on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, whether or not such Person submits a Proof of Claim Form, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties, with prejudice and on the merits, without costs to any party save for the Lead Counsel Fees, to the extent approved by the Court, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

5.      By operation of the Judgment, as of the Effective Date, and subject to ¶ 1(zz) of this Stipulation, each of Defendants and each of the Released Defendant Parties, on behalf of

themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns by operation of the Judgment, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6.      In full and complete settlement of the claims asserted in the Litigation against Defendants, and in consideration of the releases specified in ¶¶ 1(yy) and 1(zz) of this Stipulation, Goldman Sachs will deposit, or cause to be deposited, the Settlement Amount into the Escrow Account within ten (10) business days after the latest of (i) the Preliminary Approval Order entered by the District Court or (ii) receipt by Defendants' Counsel from Lead Counsel of full and complete wiring or other instructions necessary for such payment and an executed W-9 for the Settlement Amount.

7.      With the sole exception of Goldman Sachs' obligation to cause the Settlement Amount to be deposited into the Escrow Account as provided in ¶ 6 of this Stipulation, the Released Defendant Parties and Defendants' Counsel shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes and Tax-related expenses, investment decisions, maintenance, supervision or distributions of any portion of the Settlement Amount, the Settlement Fund or the Net Settlement Fund.

## USE AND TAX TREATMENT OF SETTLEMENT AMOUNT

8.      The Settlement Amount, and any and all interest earned on any monies held in the

Escrow Account, shall be used to pay (i) any Taxes and fees and expenses incurred in connection

with the Escrow Account and (ii) such amount of the Lead Counsel Fees as shall have been

approved by the Court, including, but not limited to, any costs and expenses allowed by the

PSLRA, 15 U.S.C. §78u-4, and awarded to Lead Plaintiff by the Court. As part of the

Settlement Amount, the Net Settlement Fund shall be used to pay claims to Authorized

Claimants. All costs and expenses incurred by or on behalf of the Class associated with

administration of the Settlement shall be paid from the Settlement Amount. Taxes and fees and

expenses incurred in connection with the Escrow Account may be paid, without further order of

the Court, from the Settlement Fund. In no event shall Defendants bear any further or additional

responsibility for any such costs or expenses beyond payment of the Settlement Amount.

9.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided

in ¶¶ 25 through 32 of this Stipulation. The Net Settlement Fund shall remain in the Escrow

Account prior to the Effective Date. All funds held in the Escrow Account shall be deemed

within the custody of the Court and remain subject to the jurisdiction of the Court until such time

as the funds are distributed or returned, pursuant to ¶ 46 of this Stipulation, and/or further order

of the Court. The Escrow Agent shall invest the funds held in the Escrow Account in

instruments backed by the full faith and credit of the United States Government, or fully insured

by the United States Government or an agency thereof, and the proceeds of these instruments

shall be reinvested as they mature in similar instruments including a United States Treasury

Money Market Fund or a bank account fully insured by the FDIC up to the guaranteed FDIC

limit. The Released Defendant Parties and Defendants' Counsel shall have no responsibility for,

interest in or liability whatsoever with respect to investment decisions or the actions of the

Escrow Agent, or any transaction executed by the Escrow Agent. The Settling Parties shall not be responsible or liable for any risk associated with or related to the investment of the Settlement Amount.

10.     After payment of the Settlement Amount into the Escrow Account in accordance with ¶ 6 of this Stipulation, the Settling Parties agree to treat the Settlement Amount as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such action as may be necessary or appropriate to cause the appropriate filing to occur.

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor-in-interest, which shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the interest earned on the fund deposited in the Escrow Account (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph 10(c) of this Stipulation.

(b)     All Taxes shall be paid solely out of the Settlement Fund.  In all events, the Released Defendant Parties and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  In the event that any Taxes are owed by any of the Released Defendant Parties on any interest earned on the funds deposited in the Escrow Account, such amounts also shall be paid out of the Escrow Account.  Any Taxes or any Tax-related expenses owed on any interest earned on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of Goldman Sachs.

(c)     Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall timely be paid, or caused to be paid, by Lead Counsel out of the Escrow Account without prior order from the Court, and Lead Counsel shall be obligated (notwithstanding anything stated herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(k)(2)).  The Settling Parties agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

## ATTORNEYS' FEES AND EXPENSES

11.     Following entry of the Preliminary Approval Order, Lead Counsel may submit the Fee and Expense Application for Lead Counsel Fees, in an amount not to exceed $5,300,000.00. The effectiveness of the Settlement shall not be contingent upon the Court's approval of the Fee and Expense Application, an award of Lead Counsel Fees or of any award of attorneys' fees and expenses generally.

12.     Lead Counsel will determine and distribute Lead Counsel Fees among Plaintiffs'
Counsel in a manner in which it, in its sole discretion, believes reflects the contributions of such
counsel to the prosecution and settlement of the Litigation with Defendants and the benefits
conferred on the Class.

13.     Any Lead Counsel Fees, as specified in ¶ 1(ii) of this Stipulation, that are
awarded by the Court shall be paid to Lead Counsel from the Settlement Amount immediately
after entry of an Order granting in whole or in part its Fee and Expense Application,
notwithstanding the existence of any timely filed objections thereto, or potential for appeal
therefrom, or collateral attack on the Settlement or any part thereof.

14.     Any payment of Lead Counsel Fees pursuant to ¶ 13 of this Stipulation shall be
subject to Lead Counsel's obligation to make appropriate refunds or repayments to the
Settlement Amount, plus accrued interest at the same net rate as is earned by the Settlement
Amount, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result
of any appeal or further proceedings on remand, or successful collateral attack, the award of
Lead Counsel Fees is reduced or reversed.  Lead Counsel shall make the appropriate refund or
repayment in full no later than fifteen (15) calendar days after receiving from Defendants'
Counsel notice from a court of appropriate jurisdiction of the termination of the Settlement or
notice of any reduction of the award of Lead Counsel Fees, including any litigation expenses.
An award of Lead Counsel Fees is not a necessary term of this Stipulation and is not a condition
of this Stipulation.

15.     Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or
the Settlement in accordance with ¶ 42 of this Stipulation or otherwise based on this Court's or
any appellate court's ruling with respect to the Fee and Expense Application or other fee or

expense award in the Litigation. With the sole exception of Goldman Sachs making payment into the Escrow Account as provided in ¶ 6 of this Stipulation, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel, any other Plaintiffs' Counsel or any member of the Class, or any other Person who or which may assert some claim thereto, that may occur at any time.

16.     The Released Defendant Parties and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel, any other Plaintiffs' Counsel or any member of the Class, or any other Person who or which may assert some claim thereto, of any attorneys' fees or expenses or any other fee or expense awards that the Court may make in the Litigation.

17.     The Released Defendant Parties and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Class, whether or not paid from the Escrow Account.

18.     The procedure for, and the allowance or disallowance by the Court of, any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement, including, but not limited to, the release, discharge and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION EXPENSES

19.     Except as otherwise provided in this Stipulation, such as an award of Lead

Counsel Fees, as specified in ¶ 1(ii) of this Stipulation, which may be paid after entry of an Order

granting the Fee and Expense Application, the Settlement Amount shall remain in escrow

pending: (i) final approval of the Settlement by the Court; (ii) the expiration of all rights of

appeal of the Judgment; and (iii) the final denial of any and all appeals or objections or collateral

attacks or challenges to the Settlement.

20.     Prior to the Effective Date, without further approval from Defendants or further

order of the Court, Lead Counsel may expend up to $60,000.00 from the Settlement Amount to

pay all reasonable Notice and Administration Expenses actually incurred. Such costs and

expenses shall include, without limitation, the actual costs of publication, printing and mailing

the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial

owners, the administrative expenses incurred and fees charged by the Claims Administrator in

connection with providing Notice and processing the Claims, and the fees, if any, related to the

Escrow Account and the investment of the Settlement Amount. To the extent that Notice and

Administration Costs exceed $60,000.00, they may be paid only pursuant to further Order of the

Court.

## RIGHT TO REVERSION

21.     As of the Effective Date, Defendants shall have the right to the reversion from the

Settlement Fund of: (i) One Million, Three Hundred and Twelve Thousand, Five Hundred

Dollars ($1,312,500.00), in cash, if Stichting ABP requests exclusion from the Class; (ii) the

difference between Five Million, Three Hundred Thousand Dollars ($5,300,000.00), in cash, and

the amount awarded by the Court in Lead Counsel Fees, if any; and (iii) actual interest earned on

26

the foregoing amounts for such time as such amounts are part of the Settlement Fund. Defendants' right to reversion shall not in any way be abridged or modified by, or subject to challenge from, any Settling Party.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.    Lead Counsel shall apply to the Court for a Class Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

23.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24.    Defendants shall take no position with respect to the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement between Lead Plaintiff and Defendants, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 42 of this Stipulation or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Litigation.

## ADMINISTRATION OF THE SETTLEMENT

25.     Any member of the Class who or which fails timely to submit a valid Proof of

Claim Form shall not be entitled to receive any of the proceeds from the Net Settlement Fund,

except as otherwise ordered by the Court, but shall otherwise be bound by all of the terms of this

Stipulation, including the terms of the Judgment to be entered in the Litigation and the releases

provided for herein, and shall be barred from bringing any action against the Released Defendant

Parties concerning the Released Claims.

26.     The Claims Administrator shall administer the Settlement and disbursement of the

Net Settlement Fund under Lead Counsel's supervision and subject to the jurisdiction of the

Court. Except as stated in ¶ 46 of this Stipulation, the Released Defendant Parties and

Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with

respect to, the administration of the Settlement or the actions or decisions of the Claims

Administrator, and shall have no liability to the Class in connection with such administration

*provided, however*, that Goldman Sachs agrees to cooperate reasonably with Lead Counsel in

identifying the names and addresses of potential members of the Class. Lead Counsel shall

cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of

the Class who or which may be identified through reasonable effort, including through the

cooperation of Goldman Sachs and/or their agents. Lead Counsel also shall cause the Summary

Notice to be published pursuant to the terms of the Preliminary Approval Order or whatever

other form or manner might be ordered by the Court.

27.     All Proof of Claim Forms must be submitted by the date set by the Court in the

Preliminary Approval Order and specified in the Notice, unless such deadline is extended by

Order of the Court. Any member of the Class who or which fails to submit a Proof of Claim

Form by such date shall be barred from receiving any distribution from the Net Settlement Fund

or payment pursuant to this Stipulation (unless late-filed Proof of Claim Forms are accepted by

an Order of the Court), but shall in all other respects be bound by any and all terms of this

Stipulation and the Settlement, including the terms of the Judgment and the releases provided for

in this Stipulation, and shall be permanently barred and enjoined from bringing any action, claim

or other proceeding of any kind against any Released Party concerning any Released Claim or

Released Defendants' Claim. *Provided* that it is received before the filing of the motion for the

Class Distribution Order, a Proof of Claim Form shall be deemed to be submitted when mailed,

if received with a postmark indicated on the envelope and if mailed by first-class or overnight

U.S. Mail and addressed in accordance with the instructions on the Proof of Claim Form. In all

other cases, a Proof of Claim Form shall be deemed to have been submitted when actually

received by the Claims Administrator.

28.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

with respect to the Claim, and the Claim shall be subject to investigation and discovery under the

Federal Rules, *provided*, *however*, that such investigation and discovery shall be limited to the

Claimant's status as a member of the Class and the validity and amount of the Claim. No

discovery shall be allowed as to the merits of the Litigation or of the Settlement in connection

with the processing of a Claim.

29.     Payment pursuant to the Class Distribution Order shall be deemed final and

conclusive against the Class. All members of the Class whose Claims are not approved by the

Court shall be barred from participating in distributions from the Net Settlement Fund, but

otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the

terms of the Judgment to be entered in the Litigation and the release provided for in ¶ 4 of this

Stipulation, and shall be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

30.     All proceedings with respect to the administration, processing and determination of Claims described by ¶¶ 25 through 32 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

31.     No Person shall have any claim, cause of action or rights of any kind against the Released Defendant Parties or Defendants' counsel with respect to the matters set forth in this Section or any of its subsections.

32.     No Person shall have any claim, cause of action or rights against the Lead Plaintiff, Lead Counsel, the Claims Administrator, any other claims administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further Order(s) of the Court.

## REQUESTS FOR EXCLUSION

33.     A Person requesting exclusion from the Class must provide the following information to the Claims Administrator: (i) name; (ii) address; (iii) telephone number; (iv) identity and original face value of the Certificates purchased (or otherwise acquired) or sold; (v) prices or other consideration paid or received for the Certificates; (vi) the date of each purchase or sale transaction; and (vii) a statement that the person or entity wishes to be excluded from the Settlement. Unless otherwise ordered by the Court, any member of the Class who or which does not submit a timely written request for exclusion as provided by this section shall be bound by

the Settlement Agreement. Lead Plaintiff shall request that the Court set as the deadline for submitting requests for exclusion twenty-one (21) calendar days prior to the Settlement Hearing.

34.   The Claims Administrator shall scan and electronically send copies of all requests for exclusion in PDF format (or such other format as agreed to by the Settling Parties) to Defendants' Counsel and Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request. As part of the motion papers in support of the Settlement, Lead Counsel will provide to Defendants' Counsel a list of all the persons who or which have requested exclusion from the Class and certify that all requests for exclusion received by the Claims Administrator have been copied and provided to Defendants' Counsel.

35.   If, as of the Effective Date, Stichting ABP requests exclusion from the Class, the Settlement Fund shall be reduced to Twenty Million Dollars ($20,000,000.00) and the balance of $1,312,500.00 shall be paid to Defendants from the Settlement Fund as provided in ¶ 21 of this Stipulation. Defendants' right to such reduction of the Settlement Fund under the aforementioned terms shall not in any way be abridged or modified by, or subject to challenge from, any Settling Party.

36.   If, as of the Effective Date, Stichting ABP remains a member of the Class by not expressly requesting exclusion from the Class in accordance with ¶ 33 of this Stipulation, or by any other means provided by this Stipulation, any fees, expenses or costs incurred in connection with the litigation relating to the Stichting Complaint shall not be eligible for any award against the Net Settlement Fund or otherwise be subject to payment by any other member of the Class.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

37.     Concurrently with their application for preliminary approval of the Settlement contemplated by this Stipulation and promptly after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed to this Stipulation as Exhibit "A." The Preliminary Approval Order shall, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed to this Stipulation as Exhibit "B" dismissing the litigation with prejudice.

## SUPPLEMENTAL AGREEMENT

39.     Simultaneously with the execution of this Stipulation, Defendants' Counsel and Lead Counsel are executing the Supplemental Agreement. The Supplemental Agreement sets forth certain conditions under which Defendants shall have the option (which option shall be exercised unilaterally by Defendants in their discretion) to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement exceed the Opt-Out Threshold. The Settling Parties agree to maintain the confidentiality of the Opt-Out Threshold in the Supplemental Agreement, which shall neither be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor otherwise disclosed unless required by applicable securities or other law. If submission of the Supplemental Agreement is

required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties shall submit the Opt-Out Threshold to the Court for *in camera* review.

40.     In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶ 49 of this Stipulation, which shall continue to apply and survive termination.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

41.     The Effective Date of this Settlement shall be the date by which all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit "A" annexed to this Stipulation;

(b)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules; and

(c)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit "B" annexed to this Stipulation, has been entered by the Court and has become Final or, in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate this Settlement, the date on which such Alternative Judgment becomes Final.

42.     Defendants and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation by providing Termination Notice, through counsel, to all other Settling Parties within thirty (30) calendar days of: (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to approve this Stipulation or any material part of it; (iii) the Court's final refusal to enter the Judgment in any

33

material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by the Second Circuit or the Supreme Court; (v) in the event that the Court enters an Alternative Judgment and none of the Settling Parties elects to terminate the Settlement, the date upon which such Alternative Judgment is modified or reversed in any material respect by the Second Circuit or the Supreme Court; or (vi) the Effective Date of the Settlement otherwise does not occur; *provided, however*, that none of the contingencies specified in this paragraph shall include the failure of any court to approve or award Lead Counsel Fees or any portion thereof and none of the Settling Parties shall have any right to terminate the Settlement because of any such failure. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation. In the event that the Settlement and Stipulation are terminated, the provisions of ¶ 49 of this Stipulation shall continue to apply and survive termination.

43.     In addition to all of the rights and remedies that the Lead Plaintiff and Lead Counsel have under the terms of this Stipulation, they shall also have the right, in their sole discretion, to terminate the Settlement in the event that Goldman Sachs does not pay, or cause to be paid, the Settlement Amount as provided in ¶ 6 of this Stipulation.

44.     If an option to withdraw from and terminate this Stipulation arises under any of ¶¶ 39, 42 or 43 of this Stipulation (i) neither Defendants nor Lead Plaintiff will be required for any reason or under any circumstance to exercise that option and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

45.     Except as otherwise provided in this Stipulation, in the event the Settlement is terminated or fails to become effective for any reason, then: (i) the Settlement shall be without

prejudice, and none of its terms, including, but not limited to, the certification of the Class, shall be effective or enforceable except as expressly provided in this Stipulation or, in the case of the certification of the Class, ordered by the Court or pursuant to the Appeal; (ii) the Settling Parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Litigation immediately prior to acceptance of the Mediator's proposal on July 13, 2012; (iii) the Settling Parties will notify the Second Circuit and resume the Appeal; and (iv) except as otherwise expressly provided in this Stipulation, the Settling Parties shall proceed in the Litigation in all respects as if this Stipulation and any related orders had not been entered. In such event, the fact and terms of this Stipulation, or any aspect of the negotiations leading to this Stipulation, shall not be admissible in this Litigation and shall not be used by Lead Plaintiff or any other member of the Class against Defendants or by Defendants against Lead Plaintiff or any other member of the Class in any court filings, depositions, at trial or otherwise.

46.    If the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid by Goldman Sachs on behalf of Defendants, together with any interest earned thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount shall be returned to Goldman Sachs within ten (10) business days after written notification of such event by either Lead Counsel or Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to Goldman Sachs.

47.    In the event that the Settlement is terminated or fails to become effective for any reason, the Settling Parties shall, within fourteen (14) calendar days of such cancellation, jointly

35

request a status conference with the Court to be held on the Court's first available date. At such status conference, the Settling Parties shall ask for the Court's assistance in scheduling continued proceedings in the Litigation between the Settling Parties.

48.     The Settling Parties agree to seek a stay of all proceedings in the Litigation and the Appeal other than those necessary to effectuate the Settlement. If and when the Judgment is made Final and the Effective Date occurs, Defendants shall file the 23(f) Dismissal Notice in the Second Circuit.

## NO ADMISSION OF WRONGDOING

49.     Except as provided in ¶ 50 of this Stipulation, this Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, shall not be offered or received against any or all Defendants for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against Defendants, or any of them, as evidence of, or construed as evidence of, a presumption, concession or admission by any of Defendants with respect to:  (i) the truth of any allegation by Lead Plaintiff or any other member of the Class; (ii) the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Claims; or (iii) any liability, negligence, fault or wrongdoing on the part of, or damages owed by, any or all of Defendants;

(b)     do not constitute, and shall not be offered or received against (i) Defendants, or any of them, as evidence of, or construed as evidence of, a presumption, concession or admission of any fault, misrepresentation or omission with respect to any

36

statement or written document approved or made by any Defendant or (ii) Lead Plaintiff or any other member of the Class as evidence of any infirmity or lack of merit as to the claims of Lead Plaintiff or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against Defendants, or any of them, Lead Plaintiff or any other member of the Class, as evidence of, or construed as evidence of, a presumption, concession or admission of any liability, negligence, fault, infirmity or wrongdoing on the part of, or any damages owed by, or in any way referred to for any other reason as against, any of the Settling Parties to this Stipulation in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to consummate or effectuate the provisions of this Stipulation; and

(d)     do not constitute, and shall not be offered or received against Lead Plaintiff or any other member of the Class, as evidence of, or construed as evidence of, a presumption, concession or admission by Lead Plaintiff or any other member of the Class that damages recoverable under the SAC would not have exceeded the Settlement Amount.

50.     Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

37

## MISCELLANEOUS PROVISIONS

51.     All of the exhibits to the Stipulation, except any Plan of Allocation, to the extent incorporated in those exhibits, are material and integral parts of this Stipulation and are fully incorporated herein by this reference. In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to the Stipulation, the terms of the Stipulation shall govern.

52.     Defendants shall be responsible for service of any notice for which they might be responsible pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

53.     Goldman Sachs warrants that, as to the payments made by or on behalf of Defendants, at the time of such payment that Goldman Sachs will make or cause to be made pursuant to ¶ 6 of this Stipulation, the entity making the payment on behalf of Goldman Sachs will not be insolvent, nor will the payment required to be made by or on behalf of Defendants render such entity insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by Goldman Sachs and not by Defendants' Counsel.

54.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement, is or may be deemed to be, or may be used as, (i) an admission or evidence of the validity of any Released Claim or any Released Defendants' Claim or of any wrongdoing or any liability of any of the Released Parties or (ii) an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Judgment.

55.     The Settling Parties to this Stipulation intend the Settlement to be the full, final and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the Litigation was brought, prosecuted or defended in bad faith or without a reasonable basis.  The Settling Parties agree that each has complied fully with Rule 11 of the Federal Rules in connection with the maintenance, prosecution, defense and settlement of the Litigation.  Goldman Sachs and Lead Plaintiff agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length in good faith by Goldman Sachs and Lead Plaintiff, and their respective counsel, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

56.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties hereto or their successors-in-interest.

57.     The headings in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

58.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose, *inter alia*, of entering orders, providing for awards of Lead Counsel Fees or any other fee and expense awards, and implementing and enforcing the terms of this Stipulation.

59.     Unless required by a Court, no Settling Party or counsel shall disseminate, refer to, or otherwise distribute to any third party other than the Mediator, any information regarding the negotiation of the Settlement between the Settling Parties, or any information or documents they obtained from another Settling Party in connection with the Settlement, except as is

customary or necessary in connection with this Stipulation or Court approval of the Settlement, or as the parties may otherwise agree or as shall be required by law. Notwithstanding the foregoing sentence, disclosure of this Stipulation and the documents referred to and incorporated by reference in ¶ 51 of this Stipulation will be restricted only subject to and in accordance with the provisions of this Stipulation.

60.     Subject to this Court's approval and until such time as the Judgment is made Final, the Mediator shall resolve any disputes between the Settling Parties that may arise in interpreting the terms of the Settlement.

61.     The waiver by one party of any breach of this Stipulation by any other party will not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

62.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto concerning the Settlement of the Litigation as against Defendants, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

63.     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive the Stipulation.

64.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

65.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, *provided* that

counsel for the Settling Parties to this Stipulation shall exchange among themselves original signed counterparts. Signatures sent by facsimile or sent electronically will be deemed originals.

66.    This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

67.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto, including any and all Released Parties, any corporation, partnership, or other entity into or with which any party may hereto merge, consolidate or reorganize.

68.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

69.    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

70.    Lead Counsel, on behalf of the Class, warrants and represents that it is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized by Lead Plaintiff to enter into any modifications or amendments to the Stipulation on behalf of the Class that it deems appropriate.

41

71.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

72.    Lead Counsel and Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement and in consummating the Settlement in accordance with its terms, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

73.    Except as otherwise provided in this Stipulation, each party shall bear its own costs.

**IN WITNESS WHEREOF,** the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 31, 2012.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _David L. Wales_

David L. Wales
Lauren A. McMillen
Stephen L. Brodsky
1285 Avenue of the Americas
New York, New York  10019
(212) 554-1400

-and-

David R. Stickney
12481 High Bluff Drive, Suite 300
San Diego, California  92130
(858) 793-0070

*Lead Counsel for the Class and Counsel for Lead Plaintiff Public Employees' Retirement System of Mississippi*

**SULLIVAN & CROMWELL LLP**

By: _Richard H. Klapper_

Richard H. Klapper
Theodore Edelman
David M.J. Rein
D. Andrew Pietro
125 Broad Street
New York, New York  10004-2498
(212) 558-4000

*Counsel for The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Company, GS Mortgage Securities Corp., Daniel L. Sparks, Mark Weiss and Jonathan S. Sobel*

43

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually And on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>THE GOLDMAN SACHS GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 09-CV-1110 (HB)<br><br>EXHIBIT A |

---

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS:**

A.      Lead Plaintiff, the Public Employees' Retirement System of Mississippi, on behalf of itself and the Class, and Defendants The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Mortgage Co., GS Mortgage Securities Corp., Jonathan S. Sobel, Daniel L. Sparks and Mark Weiss, by and through their respective counsel, have accepted the proposal of The Honorable Daniel Weinstein (Retired) as Mediator to enter into a Settlement, the terms of which are set forth in the Stipulation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the Settlement of claims asserted in the Litigation on the merits and with prejudice; and

B.      The Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Proof of Claim Form; (iii) Summary Notice; and

1

(iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      This Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      By Order dated February 3, 2012, the Court previously certified this Litigation to proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and appointed MissPERS as Class Representative ("Lead Plaintiff") and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel ("Lead Counsel"). On June 13, 2012, the United States Court of Appeals for the Second Circuit granted Defendants' petition to appeal the Class Certification Order under Rule 23(f) of the Federal Rules of Civil Procedure. On July 19, 2012, Defendants filed in the Second Circuit a consent motion to stay the Appeal pending approval of the Settlement, which the Second Circuit granted on July 23, 2012. For purposes of the Settlement, the Class is defined as follows:

> any and all Persons who or which purchased or otherwise acquired the publicly offered certificates of GSAMP Trust 2006-S2 from March 30, 2006 through February 6, 2009, inclusive, and were damaged thereby, *except* those Persons that timely and validly request exclusion from the Settlement. The Class does not include Defendants and each of their Related Parties *except* for any Investment Vehicles.

3.      The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the Settlement Hearing to be held before this Court on _____, 2012, at _:_ _.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007:

2

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Litigation, on the merits and with prejudice, and whether the releases set forth in the Stipulation should be ordered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of Lead Counsel Fees should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

4.      Pending further Order of the Court, all Litigation activity before this Court, except that contemplated herein, in the Stipulation, in the Notice or in the Order and Final Judgment, is hereby stayed and all hearings, deadlines and other proceedings before this Court in this Litigation, except for the Settlement Hearing, are hereby taken off the calendar.

5.      Defendants shall serve any notices required by the Class Action Fairness Act, 28 U.S.C. § 1715.

6.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Lead Plaintiff and the Class, and is authorized to act on behalf of Lead Plaintiff and the Class, with respect to all acts or consents required by, or that may be given pursuant to, the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

7.      The Court approves the form, substance and requirements of the Notice, the Summary Notice (together, the "Notices") and the Proof of Claim Form, and finds that the

3

procedures established for publication, mailing and distribution of such Notices and the Proof of Claim Form, substantially in the manner and form set forth in this Order, constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.  Under no circumstances shall any member of the Class be relieved from the terms of the Settlement, including the releases provided therein, based upon the contention or proof that such member of the Class failed to receive adequate or actual notice.

8.     Lead Counsel shall cause the Notice and the Proof of Claim Form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after this Order is entered, to all members of the Class at the last-known address of each such Person.  Pursuant to the Stipulation, Goldman Sachs shall cooperate reasonably with Lead Counsel in identifying the names and addresses of potential members of the Class.

9.     Lead Counsel shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once each in the national edition of *The Wall Street Journal* and over the PR Newswire within five (5) business days of the mailing of the Notice.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and the Proof of Claim Form and proof of publication of the Summary Notice.

11.     Lead Counsel or its agent(s) shall be responsible for the receipt of all responses from the Class and, until further Order of the Court, shall preserve all entries of appearance,

4

Proof of Claim Forms and all other written communications from members of the Class, nominees or any other Person in response to the Notices.

12.     Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other Persons who or which purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who or which hold or held such securities for beneficial owners who or which are members of the Class are directed to send a copy of the Notice and the Proof of Claim Form to the beneficial owners of the securities postmarked no more than twelve (12) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such Persons no later than twelve (12) calendar days from the date of receipt of the Notice, to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice and the Proof of Claim Form to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement from the Settlement Fund of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

13.     The Court approves the selection of The Garden City Group, Inc. by Lead Counsel as the Claims Administrator. Lead Counsel may pay up to $60,000.00 from the Escrow Account, without further approval from Defendants or further Order of the Court, for all reasonable Notice and Administration Expenses actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to beneficial owners, the

administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for members of the Class and providing Notice and processing the submitted Claims. To the extent that Notice and Administration Costs exceed $60,000.00, they may be paid only pursuant to further Order of the Court.

14.     Lead Counsel or its agent(s) are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax expenses due and owing to be paid from the Settlement Fund, and to pay any costs and expenses incurred with respect to the Escrow Account, without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and the Escrow Account and any reportings or filings in respect thereof as contemplated by the Stipulation without further Order of the Court.

15.     Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and the Fee and Expense Hearing by no later than thirty-five (35) calendar days before the Settlement Hearing.

16.     Members of the Class shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class member wishing to make such a request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Class in the Goldman Sachs Litigation RMBS Settlement, Civil Action No. 09-CV-1110 (HB), and must be signed by such Person. Such Persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of the Certificates purchased (or otherwise

6

acquired) or sold, (ii) prices or other consideration paid or received for the Certificates, and (iii) the date of each purchase or sale transaction. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Any Person who or which requests to be and is excluded from the Class shall not be entitled to receive any payment from the Net Settlement Fund as described in the Stipulation and the Notice.

18. Any member of the Class who or which has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why the Order and Final Judgment should not be entered thereon; why the Plan of Allocation should not be approved as fair and reasonable; or why Lead Counsel's Fee and Expense Application should not be granted; *provided, however,* that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the Plan of Allocation or the Fee and Expense Application, unless no later than twenty-one (21) calendar days before the Settlement Hearing, such member of the Class has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, David L. Wales, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, and Defendants' Counsel, Richard H. Klapper, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004-2498, and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New

York 10007. Any objection must include: (i) the full name, address, and phone number of the objecting Class member; (ii) a list and documentation of all of the Class member's transactions involving the Certificates, including transaction confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (iii) a written statement indicating all grounds for the objection accompanied by any legal support for the objection; (iv) copies of any papers, briefs or other documents upon which the objection is based; (v) a list of all Persons who or which will be called to testify in support of the objection; (vi) a statement of whether the objector intends to appear at the Settlement Hearing; (vii) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (viii) the objector's signature, even if represented by counsel. Persons who or which intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses that they intend to call to testify and exhibits that they intend to introduce into evidence at the Settlement Hearing. Any objection must be sent such that it is received by Lead Counsel and Defendants' Counsel identified above no later than twenty-one (21) calendar days prior to the Settlement Hearing. Reply or response papers in support of the Settlement shall be filed no later than seven (7) calendar days before the Settlement Hearing.

19.     Any member of the Class who or which does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order

and Final Judgment, or the fairness and reasonableness of the Plan of Allocation or the Lead
Counsel Fees requested.

20.     In order to be entitled to participate in the Net Settlement Fund, in the event the
Settlement is effected in accordance with all of the terms and conditions stated in this Order and
in the Stipulation, each member of the Class shall take the following actions and be subject to the
following conditions:

(a)     A properly executed Proof of Claim Form, substantially in the form
attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the post office
box indicated in the Notice, postmarked no later than 120 calendar days from the date set for the
mailing of the Notice. Such deadline may be further extended by Order. A Proof of Claim Form
shall be deemed to be submitted when posted, if received with a postmark indicated on the
envelope and if mailed by first-class mail and addressed in accordance with the instructions in
the Notice.

(b)     The Proof of Claim Form submitted by each member of the Class must
satisfy the following conditions: (i) it must be properly completed, signed and submitted in a
timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be
accompanied by adequate supporting documentation for the transactions reported therein, in the
form of transaction confirmation slips, broker account statements, an authorized statement from
the broker containing the transactional information found in a broker confirmation slip, or such
other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if
the Person executing the Proof of Claim Form is acting in a representative capacity, a
certification of his or her current authority to act on behalf of the Class member must be included
with the Proof of Claim Form; and (iv) the Proof of Claim Form must be complete and contain

9

no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

        (c)     Once the Claims Administrator has considered a timely submitted Proof of Claim Form, the Claims Administrator shall determine, based upon the Class definition and the Plan of Allocation, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel and the approval of the Court. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the Claim was so determined.

        (d)     As part of the Proof of Claim Form, each member of the Class shall submit to the jurisdiction of the Court with respect to the Claim submitted.

     21.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any member of the Class to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

     22.     The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to members of the Class other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modifications approved by the Settling Parties without any further notice to members of the Class. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Lead Counsel Fees.

23.     None of the Defendants, nor any other Released Defendant Party, shall have any responsibility whatsoever for either the Plan of Allocation or the Fee and Expense Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24.     In the event that the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any Person; the Settling Parties shall be restored to their respective positions in the Litigation immediately before July 13, 2012; and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if the Stipulation and any related Orders had not been entered, and the balance of the Settlement Amount, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Goldman Sachs, including interest accrued thereon, within ten (10) business days after written notification of such event is sent by Lead Counsel or Defendants' Counsel.

25.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all members of the Class, and each of them, and any Person who or which acts or purports to act on behalf of any of them, shall not institute, commence or prosecute any action that asserts any of the Released Claims against any of the Released Defendant Parties. Nothing in this paragraph purports to restrict Stichting ABP from prosecuting the claims pending in *Pensioenfonds ABP v. The Goldman Sachs Grp., Inc.*, Index No. 650264/2012 (N.Y. Sup. Ct.) pending final determination of whether the Settlement should be approved.

11

26.     The Court retains exclusive jurisdiction over the Litigation to consider all further

matters arising out of or connected with the Settlement.

Dated:        New York, New York

        _____, 2012

                                        So Ordered:


                                        _____
                                        Honorable Harold Baer, Jr.
                                        United States District Judge