UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 09-CV-1110-HB<br><br>ECF CASE<br><br>CLASS ACTION |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/12

# [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 8, 2012 (the "Settlement Hearing") on Lead Counsel's motion to determine, among other things, whether and in what amount to award in the above-captioned consolidated securities class action (the "Action") for attorneys' fees and expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class members who or which could be identified with reasonable effort, and that a summary notice of the hearing was published pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 31, 2012 (ECF No. 140-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

1

2. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Class members.

3. Notice of Lead Counsel's application for attorneys' fees and expenses was given to all Class members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and the Rules of the Court, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of $ 4,488,972.68, plus interest, and reimbursement of Lead Counsel's expenses in the amount of $ 715,797.32, plus interest, which sums the Court finds to be fair and reasonable. (reflecting a $10,000 reduction for a misreported expert retainer) The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5. Lead Plaintiff, Public Employees' Retirement System of Mississippi, on behalf of itself and the Office of the Attorney General of the State of Mississippi, is hereby awarded $ 25,230.00 from the Settlement Amount as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6. The Court approves payment from the Settlement Amount to the claims administrator for its fees and expenses in the total amount of $ 60,000.00.

7. The attorneys' fees and expenses as awarded above in Paragraphs 4 through 6 may be paid from the Settlement Amount immediately after entry of this Order, notwithstanding

2

the existence of any timely filed objection thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Amount the Court has considered and found that:

(a) Copies of the Notice were mailed to over 2,300 potential Class members or their nominees stating that Lead Counsel would apply for attorneys' fees, reimbursement of litigation expenses (which, in accordance with 15 U.S.C. § 78u-4(a)(4), may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), and claims administration expenses in an amount not to exceed $5.3 million, plus interest earned at the same rate and for the same period as earned by the Settlement Amount, and there are no objections to the requested attorneys' fees or expenses;

(b) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(c) The Action involves complex factual and legal issues and was actively prosecuted for nearly three years;

(d) Had the Settlement not been achieved, there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

(e) Plaintiffs' Counsel devoted over 14,000 hours, with a lodestar value of over $6.4 million, to achieve the Settlement; and

(f) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Amount are fair and reasonable and consistent with awards in similar cases.

3

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expense application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. Exclusive jurisdiction is hereby retained over the parties and the Class members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 8th day of November, 2012.

*Harold Baer*
HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE