Book. H.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS GROUP, INC., et al.,<br><br>Defendants. | Civil Action No. 09-CV-1110-HB<br><br>ECF CASE<br><br>CLASS ACTION |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/13

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff") moved this Court for an order approving the distribution plan of the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Jennifer M. Keough in Support of Motion for Approval of Distribution Plan (the "Keough Declaration") and Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan ("Distribution Motion");

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 31, 2012 (the "Stipulation," ECF No. 140-1), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Keough Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

1

3.     The Court approves the recommendation to accept the Claims listed on Exhibit B-1 to the Keough Declaration and to reject the Claims listed on Exhibit B-2 to the Keough Declaration.

4.     Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants as set forth in paragraph 40 of the Keough Declaration is **APPROVED**. Accordingly,

a.     GCG shall distribute 100% of the available balance of the Net Settlement Fund to the Authorized Claimants who would receive at least $10.00 based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants (the "Distribution").

b.     GCG shall, pursuant to the terms of the Court-approved Plan of Allocation, eliminate from the distribution list any Authorized Claimant whose Distribution Amount calculates to less than $10.00.  Such Claimants shall not receive any distribution from the Net Settlement Fund.

c.     After eliminating Claimants who would have received less than $10.00 from the distribution list, GCG shall recalculate the distribution amounts for Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph b. above.

d.     In order to encourage Authorized Claimants to promptly cash their Distribution checks, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear a notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE."

e.      Authorized Claimants who do not cash their initial Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks shall be available in the re-distribution to other Authorized Claimants.

f.      If any funds remain in the Net Settlement Fund after the initial Distribution because of uncashed checks or other reasons, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their initial Distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial Distribution shall be redistributed *pro rata* to Authorized Claimants who have cashed their Distribution checks and who would receive at least $10.00 from such redistribution. If any funds shall remain in the Net Settlement Fund six (6) months after such redistribution, then additional distributions will occur until, in the discretion of Lead Counsel and GCG, it becomes no longer economically feasible to redistribute the funds, and at such time Lead Counsel shall seek direction from the Court with respect to the disposition of the balance of the Net Settlement Fund.

g.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administrator or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

3

h.     Unless subsequently ordered by the Court, no Proof of Claim received after May 7, 2013, may be accepted for payment, and no further adjustments to Proofs of Claim may be made after May 7, 2013.

5.     Unless otherwise ordered by the Court, one year after the Distribution, GCG may destroy the paper copies of the Proofs of Claim and all supporting documentation, and three years after the final distribution, GCG may destroy electronic copies of the same.

6.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

New York, New York
Dated: _____

HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

4